# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**   **2. PLEASE TYPE OR PRINT**   **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| John Doe v. Sean Combs, Daddy's House Recordings, Inc., CE OPCO, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Records LLC, Bad Boy Entertainment LLC, Bad Boy Productions LLC, and Organizational Does 1-10 | USDC Southern New York | Jennifer L. Rochon |

| | District Court or Agency (cont.) | Judge (cont.) |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket: 3/27/2025 | District Court Docket No.: 1:24-cv-07778 |
| | Date the Notice of Appeal was Filed: 4/21/2025 | Is this a Cross Appeal? ☐ Yes ☑ No |

**Attorney(s) for Appellant(s):**
☑ Plaintiff
☐ Defendant

Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail:

Antigone Curis, Curis Law PLLC
52 Duane Street, 7th Floor, New York, NY 10007
Phone (646) 335-7220, Fax (315) 660-2610
antigone@curislaw.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☑ Defendant

Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail:

Mark Cuccaro, Sher Tremonte LLP
90 Broad Street, 23rd Floor, New York, NY 10004
Phone (212) 202-2600, Fax (N/A)
mcuccaro@shertremonte.com

| Has Transcript Been Prepared? No | Approx. Number of Transcript Pages: N/A | Number of Exhibits Appended to Transcript: N/A | Has this matter been before this Circuit previously? ☐ Yes ☑ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:   Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A"*:** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B"*:** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☑ Diversity | ☐ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) | ☐ Other (specify): | ☑ Interlocutory Decision Appealable As of Right | ☐ Other (specify): |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

## PART B:  DISTRICT COURT DISPOSITION   (Check as many as apply)

**1. Stage of Proceedings**
- ☑ Pre-trial
- ☐ During trial
- ☐ After trial

**2. Type of Judgment/Order Appealed**
- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- ☐ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ☑ Judgment / Decision of the Court
- ☐ Summary judgment
- ☐ Declaratory judgment
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

**3. Relief**
- ☐ Damages:
  - ☐ Sought: $ _____
  - ☐ Granted: $ _____
  - ☐ Denied: $ _____
- ☐ Injunctions:
  - ☐ Preliminary
  - ☐ Permanent
  - ☐ Denied

## PART C:  NATURE OF SUIT   (Check as many as apply)

**1. Federal Statutes**
- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☐ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ☐ Other (specify): _____
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright / Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**
- ☐ Admiralty/ Maritime
- ☑ Assault /
- ☐ Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify):

**3. Contracts**
- ☐ Admiralty/ Maritime
- ☐ Arbitration
- ☐ Commercial
- ☐ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**
- ☐ Hague Int'l Child Custody Conv.
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): _____
- ☐ Other (specify): _____

**6. General**
- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7. Will appeal raise constitutional issue(s)?**
- ☐ Yes   ☑ No

Will appeal raise a matter of first impression?
- ☐ Yes   ☑ No

---

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____   ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)  Arises from substantially the same case or controversy as this appeal?   ☑ Yes   ☐ No

   (B)  Involves an issue that is substantially similar or related to an issue in this appeal?   ☑ Yes   ☐ No

   If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: Jane Doe v. Sean Combs, et al. | Docket No. 1:24-cv-09852 / 25-991 | Citation: | Court or Agency: USDC Southern New York |
|---|---|---|---|

Name of Appellant:  Jane Doe

Date: 5/5/2025    Signature of Counsel of Record:  /s/ Antigone Curis

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

*Doe v. Combs et al.*, Case No. 1:24-cv-07778 (JLR)

Addendum "A"

To Civil Appeal Pre-Argument Statement (Form C)

**Nature of the Action:**

This is an action brought under New York's Victims of Gender Motivated Violence Protection Law against rapper and music producer Sean "Diddy" Combs. In 1998, Plaintiff – then a 16-year-old boy – was recruited from New York City to attend one of Combs' "White Parties."

Plaintiff, who had dreams of entering the music business, met Combs at the party. After talking with Plaintiff about the music business and showering Plaintiff with compliments about his "look," Combs suddenly demanded that Plaintiff expose himself to Combs, claiming that it was a "rite of passage" to stardom in the industry. Shocked, star-struck and confused, Plaintiff complied, at which point Combs assaulted Plaintiff by grabbing Plaintiff's genitals and manipulating them. Combs' assault caused Plaintiff (again, a teenage boy at the time) considerable shame and mental anguish, among other issues.

Plaintiff brought the action under the pseudonym "John Doe" due to the sensitive nature of the facts and claim, Combs' power and notoriety, the high-profile nature of Combs' pending legal troubles, and the widespread reputation Combs has for witness intimidation, manipulation, and retribution. When ordered by the trial court to sue in his true name or be dismissed, Plaintiff filed this appeal.

***Doe v. Combs et al.*, Case No. 1:24-cv-07778 (JLR)**

Addendum "B"

To Civil Appeal Pre-Argument Statement (Form C)

**ISSUE TO BE DECIDED:**

Whether the trial court abused its discretion in denying Plaintiff's motion to proceed under a pseudonym, including the trial court's weighing of relevant factors under *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008).

<u>Standard of Review</u>:  Abuse of Discretion.  *Sealed Plaintiff v Sealed Defendant #1*, 537 F3d 185, 190 2d Cir. 2008); *United States v Pilcher*, 950 F3d 39, 41 (2d Cir. 2020).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

                *Plaintiff*,                           No. 1:24-cv-07778-JLR

        v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY                      **NOTICE OF APPEAL**
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC.,
BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

                *Defendants*.

--------------------------------------------------------X

      NOTICE IS HEREBY GIVEN that John Doe, the plaintiff in the above-named case, hereby appeals

to the United States Court of Appeals for the Second Circuit from the Opinion and Order (Dkt. 64) entered

on March 27, 2025, denying plaintiff the right to proceed in this case anonymously.  A copy of the Order

is attached hereto as Exhibit A.

Dated: April 17, 2025                    Respectfully submitted,

                                      **CURIS LAW, PLLC**
                                      /s/ *Antigone Curis*
                                      Antigone Curis
                                      antigone@curislaw.com
                                      52 Duane Street, 7th Floor
                                      New York, New York 10007
                                      Phone: (646) 335-7220
                                      Facsimile: (315) 660-2610
                                      *Attorneys for Plaintiff John Doe*

APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:24-cv-07778-JLR

Doe v. Combs et al                 Date Filed: 10/14/2024
Assigned to: Judge Jennifer L. Rochon     Jury Demand: Plaintiff
Cause: 28:1331pi Fed. Question: Personal Injury    Nature of Suit: 360 P.I.: Other
                                     Jurisdiction: Diversity

## Plaintiff

**John Doe**           represented by    **David Fortney**
                                   The Buzbee Law Firm
                                   600 Travis Street
                                   Ste 7500
                                   Houston, TX 77002
                                   713-223-5393
                                   Email: dfortney@txattorneys.com
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Antigone Curis**
                                   Merson Law PLLC
                                   950 Third Avenue, 18th Floor
                                   NY, NY 10022
                                   646-335-7220
                                   Email: antigone@curislaw.com
                                   *ATTORNEY TO BE NOTICED*

V.

## Defendant

**Sean Combs**         represented by    **Erica Ashley Wolff**
                                   Sher Tremonte LLP
                                   90 Broad Street
                                   New York, NY 10004
                                   212-202-2600
                                   Fax: 212-202-4156
                                   Email: ewolff@shertremonte.com
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Mark Elliot Cuccaro**
                                   Sher Tremonte LLP
                                   90 Broad Street, 23rd Floor
                                   New York, NY 10004
                                   (212)-202-2600
                                   Fax: (212)-202-4156
                                   Email: mcuccaro@shertremonte.com
                                   *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
Sher Tremonte LLP
90 Broad Street
New York, NY 10004
212-202-2603
Fax: 212-202-4156
Email: mtremonte@shertremonte.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
Sher Tremonte LLP
90 Broad Street
Ste 23rd Floor
New York, NY 10004
212-300-2441
Email: rfriedman@shertremonte.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daddy's House Recordings Inc.**                  represented by  **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CE OPCO, LLC**                  represented by  **Erica Ashley Wolff**
*doing business as*
Combs Global f/k/a Combs Enterprises LLC            (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Entertainment Holdings, Inc.**          represented by   **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Productions Holdings, Inc.**          represented by   **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Books Holdings, Inc.**          represented by   **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Records LLC**                          represented by   **Donald S. Zakarin**
*TERMINATED: 02/10/2025*                                          Pryor Cashman LLP
                                                                 7 Times Square
                                                                 New York, NY 10036
                                                                 212 326 0108
                                                                 Fax: 212 326 0806
                                                                 Email: DZakarin@pryorcashman.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Nicholas George Saady**
                                                                 Pryor Cashman LLP
                                                                 7 Times Square
                                                                 New York, NY 10036
                                                                 212-326-0109
                                                                 Email: nsaady@pryorcashman.com
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **William Laurence Charron**
                                                                 Pryor Cashman LLP
                                                                 7 Times Square
                                                                 New York, NY 10036
                                                                 2124214100
                                                                 Fax: 212-326-0806
                                                                 Email: wcharron@pryorcashman.com
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Entertainment LLC**                    represented by   **Erica Ashley Wolff**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Mark Elliot Cuccaro**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Michael Tremonte**
                                                                 (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Productions LLC**　　　　represented by **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Organizational Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2024 | 1 | COMPLAINT against Bad Boy Books Holdings, Inc., Bad Boy Entertainment Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions Holdings, Inc., Bad Boy Productions LLC, Bad Boy Records LLC, CE OPCO, LLC, Sean Combs, Daddy's House Recordings Inc., Organizational Does 1-10. (Filing Fee $ 405.00, Receipt Number ANYSDC-30034841)Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 2 | **FILING ERROR - PDF ERROR** CIVIL COVER SHEET filed..(Curis, Antigone) Modified on 10/15/2024 (gp). (Entered: 10/14/2024) |
| 10/14/2024 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Sean Combs, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Daddy's House Records Inc., re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to CE Opco, LLC dba Combs Global fka Combs Enterprises LLC, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Entertainment Holdings, Inc., re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |

| | | |
|---|---|---|
| 10/14/2024 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Productions Holdings, Inc., re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Books Holdings, Inc., re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Records LLC, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Entertainment LLC, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Productions LLC, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/15/2024 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Antigone Curis to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): The Citizenship of Principle Parties section on the PDF has multiple selections for the Defendant. Place an X in Citizenship of Principle Parties box for the Defendant and refile.** (gp) (Entered: 10/15/2024) |
| 10/15/2024 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jennifer L. Rochon. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(gp) (Entered: 10/15/2024) |
| 10/15/2024 | | Magistrate Judge Robert W. Lehrburger is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (gp) (Entered: 10/15/2024) |
| 10/15/2024 | | Case Designated ECF. (gp) (Entered: 10/15/2024) |
| 10/15/2024 | 12 | ELECTRONIC SUMMONS ISSUED as to CE OPCO, LLC..(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 13 | ELECTRONIC SUMMONS ISSUED as to Daddy's House Recordings Inc...(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 14 | ELECTRONIC SUMMONS ISSUED as to Sean Combs..(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 15 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Books Holdings, Inc...(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 16 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Records LLC..(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 17 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Productions Holdings, Inc...(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 18 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Entertainment Holdings, Inc...(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 19 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Productions LLC..(gp) (Entered: 10/15/2024) |

| 10/15/2024 | 20 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Entertainment LLC..(gp) (Entered: 10/15/2024) |
|---|---|---|
| 10/16/2024 | 21 | CIVIL COVER SHEET filed..(Curis, Antigone) (Entered: 10/16/2024) |
| 10/16/2024 | 22 | ORDER Plaintiff commenced this action on October 14, 2024. Dkt. 1 ("Complaint" or "Compl."). The Complaint was filed under the pseudonym John Doe. "The use of pseudonyms runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment," although there are a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously. Doe v. Delta Airlines, Inc., 310 F.R.D. 222, 224 (S.D.N.Y. 2015) (brackets, quotation marks, and citations omitted), aff'd, 672 F. App'x 48 (2d Cir. 2016) (summary order). Plaintiff did not yet not seek leave to proceed under a pseudonym. Plaintiff shall submit an appropriate application, including a proposed order, on or before October 21, 2024, explaining why he should be permitted to proceed under a pseudonym. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 10/16/2024) (jca) (Entered: 10/16/2024) |
| 10/16/2024 | 23 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Initial Conference set for 1/9/2025 at 12:00 PM in Courtroom 20B, 500 Pearl Street, New York, NY 10007 before Judge Jennifer L. Rochon. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 10/16/2024) (jca) (Entered: 10/16/2024) |
| 10/16/2024 | 24 | FIRST MOTION for leave to proceed anonymously re: 1 Complaint, . Document filed by John Doe..(Curis, Antigone) (Entered: 10/16/2024) |
| 10/16/2024 | 25 | DECLARATION of Anthony G. Buzbee in Support re: 24 FIRST MOTION for leave to proceed anonymously re: 1 Complaint, .. Document filed by John Doe..(Curis, Antigone) (Entered: 10/16/2024) |
| 10/16/2024 | 26 | FIRST MEMORANDUM OF LAW in Support re: 24 FIRST MOTION for leave to proceed anonymously re: 1 Complaint, . . Document filed by John Doe..(Curis, Antigone) (Entered: 10/16/2024) |
| 10/16/2024 | 27 | PROPOSED ORDER. Document filed by John Doe. Related Document Number: 24 .. (Curis, Antigone) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 10/16/2024) |
| 10/16/2024 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 27 Proposed Order was reviewed and approved as to form. (km)** (Entered: 10/16/2024) |
| 10/17/2024 | 28 | ORDER granting 24 FIRST MOTION for leave to proceed anonymously re: 1 Complaint. For substantially the reasons set forth in Plaintiff's application for leave to proceed anonymously, Dkts. 24-26, the Court finds that there is good cause shown for Plaintiff to proceed anonymously at this time. Accordingly, Plaintiff's request for leave to proceed anonymously is GRANTED. However, after Defendant appears, the Court may revisit this order, including to consider whether to order Plaintiff to provide his identity to counsel for Defendant, as contemplated in the Declaration of Anthony G. Buzbee, Dkt. 25 at paragraph 3. The Clerk of Court is ORDERED to close the motion pending at Dkt. 24. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 10/17/2024) (jca) (Entered: 10/17/2024) |
| 01/03/2025 | 29 | ORDER. Because Defendants have not yet filed a notice of appearance, the initial pretrial conference scheduled for January 9, 2025, at 12:00 p.m., is hereby ADJOURNED to March 19, 2025, at 11:00 a.m. The parties shall file a joint letter and proposed case management plan no later than March 9, 2025. (HEREBY ORDERED by Judge Jennifer L. Rochon) (Text Only Order) (jaj) (Pretrial Conference set for 3/19/2025 at 11:00 AM in |

| | | Courtroom 20B, 500 Pearl Street, New York, NY 10007 before Judge Jennifer L. Rochon.) (Entered: 01/03/2025) |
|---|---|---|
| 01/10/2025 | 30 | NOTICE OF APPEARANCE by Donald S. Zakarin on behalf of Bad Boy Records LLC.. (Zakarin, Donald) (Entered: 01/10/2025) |
| 01/10/2025 | 31 | NOTICE OF APPEARANCE by William Laurence Charron on behalf of Bad Boy Records LLC..(Charron, William) (Entered: 01/10/2025) |
| 01/10/2025 | 32 | NOTICE OF APPEARANCE by Nicholas George Saady on behalf of Bad Boy Records LLC..(Saady, Nicholas) (Entered: 01/10/2025) |
| 01/10/2025 | 33 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate AI Entertainment Holdings LLC, Other Affiliate Bad Boy Records, Other Affiliate BB Investments, LLC, Other Affiliate Atlantic Recording Corporation, Other Affiliate Warner Music Group Corp. for Bad Boy Records LLC. Document filed by Bad Boy Records LLC..(Saady, Nicholas) (Entered: 01/10/2025) |
| 01/13/2025 | 34 | ORDER. Now that counsel for Defendants have appeared, *see* Dkts. 30-32, Plaintiff shall file a renewed motion to proceed anonymously no later than February 12, 2025, in order to provide Defendants with an opportunity to respond to the motion. If Plaintiff fails to timely file this motion, the Court shall order the disclosure of his identity. (Motions due by 2/12/2025). (HEREBY ORDERED by Judge Jennifer L. Rochon) (Text Only Order) (aba) (Entered: 01/13/2025) |
| 01/13/2025 | 35 | SECOND MOTION Motion for Leave to Appear Anonymously . Document filed by John Doe..(Curis, Antigone) (Entered: 01/13/2025) |
| 01/13/2025 | 36 | DECLARATION of Anthony G. Buzbee in Support re: 35 SECOND MOTION Motion for Leave to Appear Anonymously .. Document filed by John Doe..(Curis, Antigone) (Entered: 01/13/2025) |
| 01/13/2025 | 37 | FIRST MEMORANDUM OF LAW in Support re: 35 SECOND MOTION Motion for Leave to Appear Anonymously . . Document filed by John Doe..(Curis, Antigone) (Entered: 01/13/2025) |
| 01/13/2025 | 38 | PROPOSED ORDER. Document filed by John Doe. Related Document Number: [35-37].. (Curis, Antigone) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 01/13/2025) |
| 01/14/2025 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 38 Proposed Order was reviewed and approved as to form. (tp)** (Entered: 01/14/2025) |
| 01/14/2025 | 39 | JOINT LETTER MOTION for Extension of Time to File Answer re: 35 SECOND MOTION Motion for Leave to Appear Anonymously ., 1 Complaint, addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated 1/14/2025. Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 01/14/2025) |

| 01/14/2025 | 40 | ORDER granting 39 Letter Motion for Extension of Time to Answer re 1 Complaint. The requested extensions are GRANTED. Defendants shall either answer or otherwise respond to the Complaint by February 11, 2025; and shall have until February 11, 2025 to file an opposition to the Second Motion for Leave to Appear Anonymously. Bad Boy Productions Holdings, Inc. answer due 2/11/2025; Bad Boy Productions LLC answer due 2/11/2025; Bad Boy Records LLC answer due 2/11/2025; CE OPCO, LLC answer due 2/11/2025; Sean Combs answer due 2/11/2025; Daddy's House Recordings Inc. answer due 2/11/2025. (Signed by Judge Jennifer L. Rochon on 1/14/2025) (rro) (Entered: 01/15/2025) |
|---|---|---|
| 01/14/2025 | | Set/Reset Deadlines: Responses due by 2/11/2025 (rro) (Entered: 01/15/2025) |
| 01/22/2025 | 41 | NOTICE OF APPEARANCE by Mark Elliot Cuccaro on behalf of Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 01/22/2025) |
| 01/23/2025 | 42 | NOTICE OF APPEARANCE by Erica Ashley Wolff on behalf of Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Wolff, Erica) (Entered: 01/23/2025) |
| 01/23/2025 | 43 | NOTICE OF APPEARANCE by Michael Tremonte on behalf of Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Tremonte, Michael) (Entered: 01/23/2025) |
| 02/07/2025 | 44 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, with prejudice and without costs against the defendant(s) Bad Boy Records LLC. Document filed by John Doe. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)**...(Curis, Antigone) (Entered: 02/07/2025) |
| 02/10/2025 | | ***NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 44 Notice of Voluntary Dismissal was reviewed and referred to Judge Jennifer H. Rearden for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (km) (Entered: 02/10/2025) |
| 02/10/2025 | 45 | NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(i) OF THE FEDERAL RULES OF CIVIL PROCEDURE Pursuant to Rule 41(a)(l)(A)(i) of the Federal Rules of Civil Procedure, the Plaintiff John Doe, by and through his undersigned counsel, hereby gives notice that the above-captioned Action is voluntarily dismissed, with prejudice, against Defendant Bad Boy Records LLC ("BBRLLC"). The same is acknowledged and agreed by BBRLLC, by and through its undersigned counsel. SO ORDERED. Bad Boy Records LLC terminated. (Signed by Judge Jennifer L. Rochon on 2/10/2025) (jca) (Entered: 02/10/2025) |
| 02/11/2025 | 46 | NOTICE OF APPEARANCE by Raphael Asher Friedman on behalf of Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Friedman, Raphael) (Entered: 02/11/2025) |
| 02/11/2025 | 47 | MOTION to Dismiss . Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/11/2025) |

| 02/11/2025 | 48 | DECLARATION of Mark Cuccaro in Support re: 47 MOTION to Dismiss .. Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Cuccaro, Mark) (Entered: 02/11/2025) |
|---|---|---|
| 02/11/2025 | 49 | MEMORANDUM OF LAW in Support re: 47 MOTION to Dismiss . . Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/11/2025) |
| 02/11/2025 | 50 | MEMORANDUM OF LAW in Opposition re: 35 SECOND MOTION Motion for Leave to Appear Anonymously . . Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/11/2025) |
| 02/18/2025 | 51 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 52 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bad Boy Entertainment Holdings, Inc...(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 53 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Bad Boy Entertainment Holdings, Inc. for Bad Boy Entertainment LLC. Document filed by Bad Boy Entertainment LLC..(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 54 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bad Boy Productions Holdings, Inc...(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 55 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Bad Boy Productions Holdings, Inc. for Bad Boy Productions LLC. Document filed by Bad Boy Productions LLC..(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 56 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent 1169 Group Holdings LLC, Other Affiliate 1169 Corp. for CE OPCO, LLC. Document filed by CE OPCO, LLC..(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 57 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Daddy's House Recordings Inc...(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/24/2025 | 58 | JOINT LETTER MOTION for Extension of Time to File Response/Reply as to 47 MOTION to Dismiss . addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated February 24, 2025. Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/24/2025) |
| 02/25/2025 | 59 | ORDER granting 58 Letter Motion for Extension of Time to File Response/Reply Request GRANTED. Plaintiff's opposition to the Motion to Dismiss shall be due no later than March 28, 2025, and the Combs Defendants' reply shall be due no later than April 30, 2025. SO ORDERED. Responses due by 3/28/2025 Replies due by 4/30/2025.. (Signed by Judge Jennifer L. Rochon on 2/25/2025) (jca) (Entered: 02/25/2025) |
| 03/07/2025 | 60 | JOINT LETTER MOTION to Adjourn Conference addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated March 7, 2025. Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings |

| | | |
|---|---|---|
| | | Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 03/07/2025) |
| 03/07/2025 | 61 | ORDER granting 60 Letter Motion to Adjourn Conference The parties' joint request is GRANTED. The March 9, 2025 deadline for the parties to submit a case-management plan and the March 19, 2025 initial pretrial conference are hereby adjourned sine die pending resolution of the Defendants' motion to dismiss. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 3/7/2025) (jca) (Entered: 03/07/2025) |
| 03/19/2025 | 62 | FIRST MOTION to Withdraw . Document filed by John Doe..(Curis, Antigone) (Entered: 03/19/2025) |
| 03/20/2025 | 63 | MEMO ENDORSEMENT granting 62 Motion to Withdraw. ENDORSEMENT The Motion is GRANTED. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 3/20/2025) (jca) (Entered: 03/20/2025) |
| 03/27/2025 | 64 | OPINION AND ORDER re: 35 SECOND MOTION Motion for Leave to Appear Anonymously . filed by John Doe. For the foregoing reasons, the Court DENIES Plaintiff's motion to proceed anonymously. Plaintiff shall file a complaint in his own name no later than April 10, 2025. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 35. SO ORDERED. (Amended Pleadings due by 4/10/2025.) (Signed by Judge Jennifer L. Rochon on 3/27/2025) (jca) (Entered: 03/27/2025) |
| 03/28/2025 | 65 | FIRST MEMORANDUM OF LAW in Opposition re: 47 MOTION to Dismiss . . Document filed by John Doe..(Curis, Antigone) (Entered: 03/28/2025) |
| 04/04/2025 | 66 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for David C. Fortney to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30883833. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by John Doe. (Attachments: # 1 Affidavit of David C. Fortney, # 2 Exhibit Certificate of Good Standing-TX, # 3 Exhibit Certificate of Good Standing-CA, # 4 Exhibit Certificate of Good Standing-TX, # 5 Proposed Order ).(Fortney, David) Modified on 4/4/2025 (rju). (Entered: 04/04/2025) |
| 04/04/2025 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 66 MOTION for David C. Fortney to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30883833. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of California;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order..** (rju) (Entered: 04/04/2025) |
| 04/09/2025 | 67 | MOTION for David C. Fortney to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by John Doe. (Attachments: # 1 Affidavit of David C. Fortney, # 2 Exhibit Certificate of Good Standing-TX, # 3 Exhibit Certificate of Good Standing-CA, # 4 Exhibit Certificate of Good Standing-TX, # 5 Supplement ).(Fortney, David) (Entered: 04/09/2025) |
| 04/10/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 67 MOTION for David C. Fortney to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 04/10/2025) |
| 04/11/2025 | 68 | ORDER. On March 27, 2025, the Court denied Plaintiff's second motion to proceed anonymously and directed Plaintiff to file a complaint in his own name no later than April 10, 2025. Dkt. 64 at 12. That deadline has passed, and Plaintiff has neither filed a |

complaint in his own name nor otherwise corresponded with the Court. As a courtesy, the Court will extend the deadline for Plaintiff to file a complaint in his own name to **April 18, 2025.** If Plaintiff does not file a complaint in his own name by that date, the case will be dismissed. (Amended Pleadings due by 4/18/2025). (HEREBY ORDERED by Judge Jennifer L. Rochon) (Text Only Order) (aba) (Entered: 04/11/2025)

| 04/11/2025 | 69 | ORDER FOR ADMISSION PRO HAC VICE granting 67 MOTION for David C. Fortney to Appear Pro Hac Vice. The motion of David C. Fortney for admission to practice pro hac vice in the above-captioned action is granted. (Signed by Judge Jennifer L. Rochon on 4/11/2025) (jca) (Entered: 04/11/2025) |
|---|---|---|
| 04/17/2025 | 70 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** FIRST NOTICE OF INTERLOCUTORY APPEAL. Document filed by John Doe. Filing fee $ 605.00, receipt number ANYSDC-30949325. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit Decision & Order).(Curis, Antigone) Modified on 4/18/2025 (km). (Entered: 04/17/2025) |
| 04/18/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Antigone Curis to RE-FILE Document No. 70 Notice of Interlocutory Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type Notice of Interlocutory Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. When refiling bypass the payment screen since it was already paid. (km)** (Entered: 04/18/2025) |
| 04/20/2025 | 71 | FIRST NOTICE OF INTERLOCUTORY APPEAL from 64 Memorandum & Opinion,, Set Deadlines,. Document filed by John Doe. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit Decision & Order).(Curis, Antigone) Modified on 4/21/2025 (nd). (Entered: 04/20/2025) |
| 04/21/2025 | | Appeal Fee Paid electronically via Pay.gov: for 71 Notice of Interlocutory Appeal,. Filing fee $ 605.00. Pay.gov receipt number ANYSDC-30949325., paid on 4/17/2025..(nd) (Entered: 04/21/2025) |
| 04/21/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 71 Notice of Interlocutory Appeal,..(nd) (Entered: 04/21/2025) |
| 04/21/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 71 Notice of Interlocutory Appeal, filed by John Doe were transmitted to the U.S. Court of Appeals..(nd) (Entered: 04/21/2025) |
| 04/29/2025 | 72 | JOINT LETTER MOTION for Extension of Time addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated April 29, 2025. Document filed by Bad Boy Books Holdings, Inc., Bad Boy Entertainment Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions Holdings, Inc., Bad Boy Productions LLC, CE OPCO, LLC, Sean Combs, Daddy's House Recordings Inc.. (Attachments: # 1 Exhibit A: Doe v. Combs, 24-cv-08808 (JAV), Dkt. #50, # 2 Exhibit B: Doe v. Combs, 24-cv-07776 (NRB), Dkt. #69). (Cuccaro, Mark) (Entered: 04/29/2025) |
| 04/30/2025 | 73 | REPLY MEMORANDUM OF LAW in Support re: 47 MOTION to Dismiss . . Document filed by Bad Boy Books Holdings, Inc., Bad Boy Entertainment Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions Holdings, Inc., Bad Boy Productions LLC, CE OPCO, LLC, Sean Combs, Daddy's House Recordings Inc...(Cuccaro, Mark) (Entered: 04/30/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/06/2025 23:23:52 | | | |
| **PACER Login:** | antigonecuris | **Client Code:** | Combs |
| **Description:** | Docket Report | **Search Criteria:** | 1:24-cv-07778-JLR |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

Plaintiff,

-against-

SEAN COMBS, DADDY'S HOUSE RECORDINGS
INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC., BAD BOY
PRODUCTIONS HOLDINGS, INC., BAD BOY
BOOKS HOLDINGS, INC., BAD BOY
ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, and ORGANIZATIONAL
DOES 1-10,

Defendants.

---

Case No. 1:24-cv-07778 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On October 14, 2024, Plaintiff John Doe, proceeding anonymously, initiated this

action, asserting one cause of action against all Defendants for violation of the New York City

Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1102 *et*

*seq. See generally* Dkt. 1 ("Complaint" or "Compl."). Plaintiff alleges that Defendant Sean

Combs ("Combs"), a well-known rapper, record producer, and record executive, sexually

assaulted Plaintiff at one of Combs's "white parties" in 1998, when Plaintiff was sixteen years

old. *Id.* ¶¶ 2, 34, 38-41.

Upon filing his Complaint, Plaintiff did not seek leave to proceed anonymously, and

on October 16, 2024, the Court instructed Plaintiff to "submit an appropriate application . . .

explaining why he should be permitted to proceed under a pseudonym." Dkt. 22. Plaintiff

moved to proceed anonymously later that day. Dkt. 24. On October 17, 2024, the Court

granted Plaintiff's motion with the caveat that it may revisit the order after Defendants entered

an appearance, in order to give them an opportunity to respond. Dkt. 28.

Now before the Court is Plaintiff's second motion to proceed anonymously, Dkt. 35; *see* Dkt. 36 ("Buzbee Declaration" or "Decl."); Dkt. 37 ("Br."), which Plaintiff filed on January 13, 2025, at the Court's direction, *see* Dkt. 34.  Defendants filed their memorandum of law in opposition to Plaintiff's motion on February 11, 2025.  *See* Dkt. 50 ("Opp.").  For the reasons set forth below, Plaintiff's motion is DENIED.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 10(a), "[t]he title of [a] complaint must name all the parties." *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (alterations in original) (quoting Fed. R. Civ. P. 10(a)).  "This Rule 'serves the vital purpose of facilitating public scrutiny of judicial proceedings'" and "cannot be set aside lightly." *Doe v. Combs*, No. 24-cv-08054 (MKV), 2024 WL 4635309, at *1 (S.D.N.Y. Oct. 30, 2024) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008)).  "Although there is a presumption that the parties will disclose their names, a district court has discretion to grant an exception to this requirement in certain limited circumstances." *Doe v. Combs*, No. 24-cv-08810 (LAK), 2025 WL 268515, at *1 (S.D.N.Y. Jan. 22, 2025) (citing *Sealed Plaintiff*, 537 F.3d at 189).  "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Doe v. Combs*, No. 24-cv-07777 (LJL), 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025) (alteration in original) (quoting *Pilcher*, 950 F.3d at 45).

The Second Circuit set forth the operative balancing test in *Sealed Plaintiff*, identifying ten nonexhaustive factors for courts to weigh upon consideration of a motion to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more

critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 190 (alterations and omission in original) (citations and internal quotation marks omitted). "Courts are 'not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) (quoting *Sealed Plaintiff*, 537 F.3d at 191 n.4).

## DISCUSSION

On balance, the Court finds that the *Sealed Plaintiff* factors weigh against allowing Plaintiff to proceed anonymously. The Court addresses these factors in more detail below.

### I. This Litigation Involves Matters of a Highly Sensitive and Personal Nature (Factor One) and Plaintiff Has Thus Far Kept His Identity Confidential (Factor Seven).

The first and seventh *Sealed Plaintiff* factors weigh in Plaintiff's favor. Starting with the first factor, neither party disputes that this litigation involves highly sensitive matters of a personal nature. *See* Br. at 4-5;[1] Opp. at 7-8. "Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a

---

[1] As Plaintiff has not numbered the pages of his brief, the Court refers to the page numbers as set forth on ECF.

pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (alteration in

original) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)) (collecting

cases). "Likewise, allegations of sexual abuse of minors" — which are involved in the instant

case — "typically weigh significantly in favor of a plaintiff's interest." *Id.* (citing *Kolko*, 242

F.R.D. at 195; *Doe ex rel. Doe No. 1 v. Nygard*, No. 20-cv-06501 (ER), 2020 WL 4890427, at

*3 (S.D.N.Y. Aug. 20, 2020)). "[M]any courts have held that 'alleged victims of rape and

sexual assault have a strong interest in proceeding anonymously,'" and "[t]hat interest is even

stronger in cases where, as here, the Plaintiff 'was a minor at the time of the alleged attack.'"

*Doe v. Kimmel*, No. 24-cv-03201 (JMF), 2024 WL 3184209, at *1 (S.D.N.Y. June 26, 2024)

(first quoting *Doe v. Kogut*, No. 15-cv-07726 (JMF) (S.D.N.Y. Oct. 20, 2015), ECF No. 8;

and then quoting *Doe v. Baram*, No. 20-cv-09522 (ER), 2021 WL 3423595, at *3 (S.D.N.Y.

Aug. 5, 2021)); *accord Combs*, 2024 WL 863705, at *3; *Nygard*, 2020 WL 4890427, at *3.

   With regard to the seventh factor — whether Plaintiff's identity has been kept

confidential — there is no indication based on the current record that Plaintiff has spoken

publicly about his allegations.[2]  *See Combs*, 2025 WL 268515, at *2 ("Because there is no

---

[2] The Buzbee Declaration supporting Plaintiff's motion states that Plaintiff "has not spoken
publicly about the incidents that underlie the causes of action in his Complaint," Decl. ¶ 6, but
as Defendants acknowledge, the Declaration is neither sworn nor made under the penalty of
perjury.  *See Combs*, 2025 WL 722790, at *2 ("[T]he [Buzbee] declaration is not sworn or
made under penalty of perjury under the laws of the United States and is thus inadmissible.");
*see also In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) ("We
hold that 28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly
made under penalty of perjury.").  The Court also notes that the Declaration is substantively
identical to declarations filed on the same day in other *Doe v. Combs* cases in this District
involving different plaintiffs and facts, which raises serious questions about the Declaration's
reliability.  *See, e.g.*, No. 24-cv-07973 (RA) (S.D.N.Y. Jan. 13, 2025), ECF No. 35;
No. 24-cv-07977 (VSB) (S.D.N.Y. Jan. 13, 2025), ECF No. 30; No. 24-cv-08024 (VEC)
(S.D.N.Y. Jan. 13, 2025), ECF No. 26; No. 24-cv-09852 (JLR) (S.D.N.Y. Jan. 13, 2025), ECF
No. 16.  In any case, the seventh factor still weighs in Plaintiff's favor absent any evidence
that Plaintiff's identity has not been kept confidential.

evidence before the Court that the plaintiff has spoken publicly about the incident, the seventh

factor likewise favors anonymity." (footnote omitted)).  Defendants argue that "Plaintiff's

representatives have sought to reap the rewards of attracting public attention to this case,"

Opp. at 12, but this is not relevant to the Court's analysis.  The seventh factor asks only

"whether the plaintiff's identity thus far has been kept confidential," and Defendants have

offered no evidence to the contrary.  *Rapp*, 537 F. Supp. 3d at 528 (citing *Sealed Plaintiff*, 537

F.3d at 190).  Defendants further contend that Plaintiff may have spoken privately to others

about his allegations without receiving assurances of confidentiality, Opp. at 12-13, but this is

pure speculation and would not necessarily tip the scales in Defendants' favor even if it were

true.  *See Doe v. Salina*, No. 23-cv-03529 (JMW), 2024 WL 1259362, at *6 (E.D.N.Y. Mar.

25, 2024) (finding that seventh factor favored plaintiff despite fact that "some of the

underlying events occurred" in public fora); *Doe v. Zeumer*, No. 23-cv-10226 (AT), 2024 WL

1586032, at *2 (S.D.N.Y. Mar. 6, 2024) (finding that seventh factor favored plaintiff where

her identity "ha[d] been kept confidential, with the exception of 'her therapist and those close

to her'").

However, while both of these factors support Plaintiff's motion to proceed

anonymously, neither of them is dispositive.  *Combs*, 2024 WL 863705, at *3 (citing *Doe v.

Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020); *Rapp*, 537 F. Supp. 3d at 528).

Accordingly, "the other factors must be taken into consideration and analyzed in comparison

to the public's interest and the interests of the opposing parties."  *Doe v. Skyline Autos. Inc.*,

375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019).

**II.    Plaintiff's Allegations Regarding the Risk of Harm Are Speculative and Insufficiently Particularized (Factors Two, Three, and Four)**

The second, third, and fourth "*Sealed Plaintiff* factors task the Court with assessing the potential risks associated with identifying the anonymous party, including the potential for retaliatory physical or mental harm, and the severity of such harms." *Does 1-2 v. Hochul*, No. 21-cv-05067, 2022 WL 836990, at *5 (E.D.N.Y. Mar. 18, 2022). On balance, these factors weigh against allowing Plaintiff to proceed anonymously.

With regard to the second and third factors — which "evaluate the risks that identification would present and the likelihood of those physical and mental harms," *Doe v. Townes*, No. 19-cv-08034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) — Plaintiff asserts that Combs made "threats of violence after the" alleged assault. Br. at 7; *see* Decl. ¶ 3. However, Plaintiff provides no support for this allegation beyond the vague and unsworn Buzbee Declaration, *see generally supra* note 1, and offers no further elaboration or specificity as to the nature, frequency, or content of this purported harassment and intimidation. Generally, "to justify the exceptional relief of proceeding anonymously, [a] plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity," *Doe v. Freydin*, No. 21-cv-08371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (collecting cases), but Plaintiff has not done so here. Likewise, with regard to the risk of mental harm, Plaintiff contends that "play[ing] out" his traumatic experiences "in a public forum could spark more trauma," Br. at 6, but he provides no "medical documentation" or other "evidence of the severity or likelihood of . . . mental harm" that would result from the disclosure of his identity, *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406; *see also Doe 1 v. Branca USA, Inc.*, No. 22-cv-03806 (LJL), 2022 WL 2713543, at *4 (S.D.N.Y. July 13, 2022) (finding that the second and third *Sealed Plaintiff* factors

6

weighed against plaintiffs' motion to proceed anonymously where plaintiffs provided only

"conclusory statements and speculation" regarding alleged harms and no "direct evidence

linking disclosure of [their] name[s] to a specific physical or mental injury" (alterations in

original) (first quoting *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406; and then quoting *Doe v.*

*Gong Xi Fa Cai, Inc.*, No. 19-cv-02678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10,

2019))); *accord Combs*, 2024 WL 4635309, at *3.

Plaintiff relies heavily on Combs's pending criminal charges to establish that "Combs,

and the people within his organizations, are dangerous." Br. at 2; *see, e.g.*, Superseding

Indictment ¶¶ 11-12, *United States v. Combs*, No. 24-cr-00542 (AS) (S.D.N.Y. Jan. 30, 2025),

ECF No. 144 (accusing Combs and his associates of intimidating and threatening victims to

maintain their silence). To be sure, "[c]ourts have found a real risk of harm when, for

example, 'there is a history of substantiated prior action directed *at plaintiff(s)* from

*defendant(s)*,'" *Doe v. Intel Corp.*, No. 24-cv-06117 (JPO), 2024 WL 4553985, at *3

(S.D.N.Y. Oct. 22, 2024) (quoting *Townes*, 2020 WL 2395159, at *4), but Plaintiff does not

allege that he was the target of any of the conduct in the indictment, and "there is no evidence

that Combs has been in contact with Plaintiff or made any threats in the last three decades,"

*Combs*, 2025 WL 722790, at *2. "Without further, specific evidence," Plaintiff's "claims are

too speculative to support anonymity in this case," *Intel Corp.*, 2024 WL 4553985, at *5, and

the second and third factors do not weigh in favor of nondisclosure, *see id.* at *3 ("[C]ourts

have rejected claims of harm where they are insufficiently 'particularized,' provided 'without

corroboration,' or 'generalized' and 'conclusory.'" (quoting *Combs*, 2024 WL 863705, at

*4)); *Combs*, 2024 WL 863705, at *4 ("[Plaintiff's] conclusory assertions fall short of

demonstrating the particularized harm she would suffer as a result of disclosure. As such,

Plaintiff fails to demonstrate that these factors weigh in her favor.").

Moving to the fourth *Sealed Plaintiff* factor — which asks "whether the plaintiff is particularly vulnerable to the possible harms of disclosure," *Sealed Plaintiff*, 537 F.3d at 190 — "[t]he plaintiff's age is a critical" consideration, *Combs*, 2024 WL 863705, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 530).  But "[t]he fact that a plaintiff was a minor at the time of the alleged harm, alone, is insufficient to meet this factor," even if it may be relevant to the Court's analysis of other factors.  *Combs*, 2024 WL 836705, at *4 (citing *Doe v. City Univ. of N.Y.*, No. 21-cv-09544 (NRB), 2021 WL 5644642, at *4 (S.D.N.Y. Dec. 1, 2021)).  "Here, although Plaintiff was a minor when the assault allegedly occurred, [he] is now an adult," and he "fails to identify any other, relevant vulnerabilities."  *Id.*; *cf. Doe v. Combs*, No. 24-cv-07975 (AT), 2024 WL 5220449, at *1 (S.D.N.Y. Dec. 26, 2024) (finding that the plaintiff demonstrated vulnerability to disclosure because "she continues to experience depression, post-traumatic stress disorder, and a seizure disorder associated with the stress of her sexual assault").

### III.  The Public-Interest Factors Cut Both Ways (Factors Five, Eight, and Nine)

The fifth, eighth, and ninth *Sealed Plaintiff* factors "relate to the public's interest in knowing Plaintiff's identity."  *Combs*, 2024 WL 863705, at *4.  Turning first to the fifth factor — which "looks to whether the suit challenges the actions of the government or that of private parties," *Rapp*, 537 F. Supp. 3d at 532 — "[c]ourts recognize that open judicial proceedings in private civil suits 'not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms,'" *Combs*, 2025 WL 268515, at *5 (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)).  "Here, Plaintiffs challenge the actions of private parties; thus, there is a significant interest in open judicial proceedings weighing against the use of pseudonym."  *Doe v. Leonelli*, No. 22-cv-03732 (CM), 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022).

Next, "[t]he eighth factor weighs whether the public's interest in the litigation is furthered by revelation of the plaintiff's identity." *Combs*, 2024 WL 863705, at *5 (quoting *Leonelli*, 2022 WL 2003635, at *4). This factor weighs in both directions. As courts have routinely observed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Combs*, 2024 WL 4635309, at *6 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). "There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." *Combs*, 2024 WL 863705, at *5 (citing *Branca USA, Inc.*, 2022 WL 2713543, at *2). The public interest in knowing the identity of the parties is "magnified" where a plaintiff "has made his allegations against a public figure." *Combs*, 2025 WL 268515, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 532). But courts have also noted that "the public generally has a strong interest in protecting the identities of sexual assault victims," especially children, "so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195; *see also Kimmel*, 2024 WL 3184209, at *1 ("[W]hile the public has a generalized interest in knowing who is seeking relief in its courts, the public has a stronger — and more particularized — interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes." (citation omitted)).

Lastly, "the ninth factor suggests that if the issues presented are 'purely legal in nature,' generally 'there is an atypically weak public interest in knowing the'" identities of the parties. *Skyline Autos. Inc.*, 375 F. Supp. 3d at 408 (quoting *Sealed Plaintiff*, 537 F.3d at 190). "Where the litigation involves, not abstract challenges to public policies, but rather . . . particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication."

*Id.* (omission in original) (quoting *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-cv-06152 (VM) (KNF), 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012)).  Here, "[t]he ninth factor tilts marginally against Plaintiff because the issues in this case are likely not of a purely or predominantly legal nature."  *Doe v. Combs*, No. 24-cv-08852 (JPC), 2024 WL 4867087, at *2 (S.D.N.Y. Nov. 22, 2024); *see also Combs*, 2025 WL 268515, at *5 ("Plaintiff's claims are factual in nature, which weighs against anonymity.").

## IV.   There Are Alternative Mechanisms for Protecting Plaintiff's Confidentiality (Factor Ten)

As Defendants correctly observe, "there are other mechanisms to protect any confidential information that may be disclosed during discovery or as part of the case."  Opp. at 14.  For example, "Defendants are willing to enter into a stipulated confidentiality protective order . . . [to] protect any legitimate privacy interest Plaintiff or any other party may have in documents or information exchanged in this case, such as private financial information or medical records."  *Id.* at 14-15; *see also Combs*, 2025 WL 268515, at *5 ("The plaintiff 'can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order.'" (quoting *Weinstein*, 484 F. Supp. 3d at 98)); *accord Combs*, 2024 WL 5220449, at *3.  "While this promise will not fully alleviate Plaintiff's concerns, it does provide some protection over disclosure of sensitive information exchanged during discovery."  *Combs*, 2024 WL 863705, at *5.  Accordingly, this factor weighs somewhat in favor of disclosure.

## V.   Blanket Anonymity Would Significantly Prejudice Defendants (Factor Six)

With regard to the sixth *Sealed Plaintiff* factor, the Court is acutely aware of the "the imbalance [that] arises where [a] [d]efendant must 'defend himself publicly while plaintiff could make [his] accusations from behind a cloak of anonymity.'"  *Doe v. Gooding*, No. 20-

cv-06569 (PAC), 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022) (quoting *Shakur*, 164

F.R.D. at 361). "In such a situation, when one party is anonymous while others are not, there

is an 'asymmetry in fact-gathering.' This asymmetry is more profound in cases involving

substantial publicity, because 'information about only one side may come to light as a

result,'" *Combs*, 2024 WL 863705, at *3 (quoting *Leonelli*, 2022 WL 2003635, at *5),

"[p]articularly in a high profile case in which unknown witnesses may surface," *Combs*, 2025

WL 268515, at *4 (citing *Rapp*, 537 F. Supp. 3d at 531). Moreover, "[i]n cases where

plaintiffs allege sexual assault, courts have found a reputational damage risk to a defendant."

*Townes*, 2020 WL 2395159, at *5 (citing *Skyline Autos. Inc.*, 375 F. Supp. 3d at 407; *Shakur*,

164 F.R.D. at 361). *But see Kolko*, 242 F.R.D. at 198 ("Given the negative publicity already

sustained by defendants, 'any additional prejudice to the defendant[s'] reputation or ability to

operate merely by pursuit of this action under a pseudonym appears minimal.'" (alteration in

original) (citation omitted) (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y.

2003))). "Confidentially disclosing the plaintiff's name to the defendants' counsel, as

plaintiff's counsel suggests, would not eliminate the potential prejudice." *Combs*, 2025 WL

268515, at *4; *accord Combs*, 2024 WL 4635309, at *5 ("The potential prejudice to

Defendants is particularly stark here because Plaintiff is bringing a lawsuit about an incident

that allegedly occurred approximately twenty years ago, which may be difficult to defend

even with information about Plaintiff's identity."); *see* Decl. ¶ 3 (offering to "disclose

Plaintiff's name to counsel for Defendants" if required to do so by the Court). Accordingly,

the Court finds that the sixth factor weighs strongly in favor of disclosure.

## VI.    The Balance of Factors Weighs in Favor of Disclosure

On one hand, this case involves highly sensitive and personal allegations, Plaintiff has

thus far kept his identity confidential, and the public has a particularized interest in

encouraging the victims of childhood sexual assault to confront their accusers, who are often powerful figures. On the other hand, Plaintiff brings factually grounded claims on a topic of significant public interest against a well-known figure, and the public also has a strong interest in maintaining the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189 (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). And, significantly, Plaintiff has not provided any particularized evidence or even nonspeculative allegations to establish that the disclosure of his identity would result in concrete physical or mental harm to himself or third parties. Such evidence plays a vital role in the balancing of competing interests in these cases, and its absence is particularly salient here given the risk of severe prejudice to Defendants from continued anonymity, hampering their ability to confront their accuser, guard against reputational harm, and defend an action based on events from nearly three decades ago. In sum, Plaintiff has not provided the Court with enough information to tip the scales in his favor. *See Combs*, 2025 WL 722790, at *4 (denying motion to proceed anonymously); *Combs*, 2025 WL 268515, at *5 (same); *Combs*, 2024 WL 4635309, at *7 (same).

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to proceed anonymously. Plaintiff shall file a complaint in his own name no later than April 10, 2025. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 35.

Dated: March 27, 2025
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge