# 25-986

## UNITED STATES COURT OF APPEALS
### *FOR THE* SECOND CIRCUIT

JOHN DOE,

*Plaintiff-Appellant,*

-v.-

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC,
BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS
HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY
ENTERTAINMENT LLC, and BAD BOY PRODUCTIONS LLC,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
For the Southern District of New York

## PLAINTIFF-APPELLANT'S APPENDIX

**CURIS LAW, PLLC**
Antigone Curis
52 Duane Street, 7th Floor
New York, New York 10007
(646) 335-7220
*Attorneys for Plaintiff-Appellant*

August 6, 2025

# **TABLE OF CONTENTS**

**Page**

Docket Sheet ................................................................................ A-1

Complaint,
    Dated October 14, 2024 ...................................................... A-14

Notice of Motion to Proceed Anonymously,
    Dated October 16, 2024 ...................................................... A-34

Declaration in Support of Motion to Proceed Anonymously,
    Dated October 16, 2024 ...................................................... A-36

Order Granting Motion to Proceed Anonymously,
    Dated October 17, 2024 ...................................................... A-38

Notice of Second Motion to Proceed Anonymously,
    Dated January 13, 2025 ...................................................... A-39

Declaration in Support of Second Motion to Proceed Anonymously,
    Dated January 13, 2025 ...................................................... A-41

Opinion and Order Appealed From,
    Dated March 27, 2025 ........................................................ A-43

Notice of Appeal,
    Dated April 21, 2025 .......................................................... A-55

Order in United States v. Combs, 1:24-cr-00542-AS,
    Dated August 4, 2025 ......................................................... A-56

Query    Reports    Utilities    Help    Log Out

## [A-001]

STAYED,APPEAL,ECF

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:24-cv-07778-JLR

Doe v. Combs et al
Assigned to: Judge Jennifer L. Rochon
Cause: 28:1331pi Fed. Question: Personal Injury

Date Filed: 10/14/2024
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**John Doe**
represented by **David Fortney**
The Buzbee Law Firm
600 Travis Street
Ste 7500
Houston, TX 77002
713-223-5393
Email: dfortney@txattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antigone Curis**
Merson Law PLLC
950 Third Avenue, 18th Floor
NY, NY 10022
646-335-7220
Email: antigone@curislaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sean Combs**
represented by **Erica Ashley Wolff**
Sher Tremonte LLP
90 Broad Street
New York, NY 10004
212-202-2600
Fax: 212-202-4156
Email: ewolff@shertremonte.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, NY 10004
(212)-202-2600
Fax: (212)-202-4156

**[A-002]**

Email: mcuccaro@shertremonte.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
Sher Tremonte LLP
90 Broad Street
New York, NY 10004
212-202-2603
Fax: 212-202-4156
Email: mtremonte@shertremonte.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
Sher Tremonte LLP
90 Broad Street
Ste 23rd Floor
New York, NY 10004
212-300-2441
Email: rfriedman@shertremonte.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daddy's House Recordings Inc.**　　represented by　**Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CE OPCO, LLC**　　represented by　**Erica Ashley Wolff**
*doing business as*
Combs Global f/k/a Combs Enterprises LLC
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**[A-003]**

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Entertainment Holdings, Inc.**     represented by    **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Productions Holdings, Inc.**     represented by    **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Books Holdings, Inc.**     represented by    **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**[A-004]**

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Records LLC**
*TERMINATED: 02/10/2025*

represented by **Donald S. Zakarin**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212 326 0108
Fax: 212 326 0806
Email: DZakarin@pryorcashman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas George Saady**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212-326-0109
Email: nsaady@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**William Laurence Charron**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
2124214100
Fax: 212-326-0806
Email: wcharron@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Entertainment LLC**

represented by **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**[A-005]**

Michael Tremonte
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bad Boy Productions LLC**                    represented by **Erica Ashley Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Elliot Cuccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raphael Asher Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Organizational Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2024 | 1 | COMPLAINT against Bad Boy Books Holdings, Inc., Bad Boy Entertainment Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions Holdings, Inc., Bad Boy Productions LLC, Bad Boy Records LLC, CE OPCO, LLC, Sean Combs, Daddy's House Recordings Inc., Organizational Does 1-10. (Filing Fee $ 405.00, Receipt Number ANYSDC-30034841)Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 2 | **FILING ERROR - PDF ERROR** CIVIL COVER SHEET filed..(Curis, Antigone) Modified on 10/15/2024 (gp). (Entered: 10/14/2024) |
| 10/14/2024 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Sean Combs, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Daddy's House Records Inc., re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to CE Opco, LLC dba Combs Global fka Combs Enterprises LLC, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |

| 10/14/2024 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Entertainment Holdings, Inc., re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) **[A-006]** |
|---|---|---|
| 10/14/2024 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Productions Holdings, Inc., re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Books Holdings, Inc., re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Records LLC, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Entertainment LLC, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/14/2024 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to Bad Boy Productions LLC, re: 1 Complaint,. Document filed by JOHN DOE..(Curis, Antigone) (Entered: 10/14/2024) |
| 10/15/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Antigone Curis to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): The Citizenship of Principle Parties section on the PDF has multiple selections for the Defendant. Place an X in Citizenship of Principle Parties box for the Defendant and refile. (gp)** (Entered: 10/15/2024) |
| 10/15/2024 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jennifer L. Rochon. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(gp) (Entered: 10/15/2024) |
| 10/15/2024 | | Magistrate Judge Robert W. Lehrburger is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (gp) (Entered: 10/15/2024) |
| 10/15/2024 | | Case Designated ECF. (gp) (Entered: 10/15/2024) |
| 10/15/2024 | 12 | ELECTRONIC SUMMONS ISSUED as to CE OPCO, LLC..(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 13 | ELECTRONIC SUMMONS ISSUED as to Daddy's House Recordings Inc...(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 14 | ELECTRONIC SUMMONS ISSUED as to Sean Combs..(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 15 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Books Holdings, Inc...(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 16 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Records LLC..(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 17 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Productions Holdings, Inc...(gp) (Entered: 10/15/2024) |
| 10/15/2024 | 18 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Entertainment Holdings, Inc...(gp) (Entered: 10/15/2024) |

**[A-007]**

| 10/15/2024 | 19 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Productions LLC..(gp) (Entered: 10/15/2024) |
|---|---|---|
| 10/15/2024 | 20 | ELECTRONIC SUMMONS ISSUED as to Bad Boy Entertainment LLC..(gp) (Entered: 10/15/2024) |
| 10/16/2024 | 21 | CIVIL COVER SHEET filed..(Curis, Antigone) (Entered: 10/16/2024) |
| 10/16/2024 | 22 | ORDER Plaintiff commenced this action on October 14, 2024. Dkt. 1 ("Complaint" or "Compl."). The Complaint was filed under the pseudonym John Doe. "The use of pseudonyms runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment," although there are a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously. Doe v. Delta Airlines, Inc., 310 F.R.D. 222, 224 (S.D.N.Y. 2015) (brackets, quotation marks, and citations omitted), aff'd, 672 F. App'x 48 (2d Cir. 2016) (summary order). Plaintiff did not yet not seek leave to proceed under a pseudonym. Plaintiff shall submit an appropriate application, including a proposed order, on or before October 21, 2024, explaining why he should be permitted to proceed under a pseudonym. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 10/16/2024) (jca) (Entered: 10/16/2024) |
| 10/16/2024 | 23 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Initial Conference set for 1/9/2025 at 12:00 PM in Courtroom 20B, 500 Pearl Street, New York, NY 10007 before Judge Jennifer L. Rochon. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 10/16/2024) (jca) (Entered: 10/16/2024) |
| 10/16/2024 | 24 | FIRST MOTION for leave to proceed anonymously re: 1 Complaint, . Document filed by John Doe..(Curis, Antigone) (Entered: 10/16/2024) |
| 10/16/2024 | 25 | DECLARATION of Anthony G. Buzbee in Support re: 24 FIRST MOTION for leave to proceed anonymously re: 1 Complaint, .. Document filed by John Doe..(Curis, Antigone) (Entered: 10/16/2024) |
| 10/16/2024 | 26 | FIRST MEMORANDUM OF LAW in Support re: 24 FIRST MOTION for leave to proceed anonymously re: 1 Complaint, . . Document filed by John Doe..(Curis, Antigone) (Entered: 10/16/2024) |
| 10/16/2024 | 27 | PROPOSED ORDER. Document filed by John Doe. Related Document Number: 24 .. (Curis, Antigone) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 10/16/2024) |
| 10/16/2024 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 27 Proposed Order was reviewed and approved as to form. (km)** (Entered: 10/16/2024) |
| 10/17/2024 | 28 | ORDER granting 24 FIRST MOTION for leave to proceed anonymously re: 1 Complaint. For substantially the reasons set forth in Plaintiff's application for leave to proceed anonymously, Dkts. 24-26, the Court finds that there is good cause shown for Plaintiff to proceed anonymously at this time. Accordingly, Plaintiff's request for leave to proceed anonymously is GRANTED. However, after Defendant appears, the Court may revisit this order, including to consider whether to order Plaintiff to provide his identity to counsel for Defendant, as contemplated in the Declaration of Anthony G. Buzbee, Dkt. 25 at paragraph 3. The Clerk of Court is ORDERED to close the motion pending at Dkt. 24. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 10/17/2024) (jca) (Entered: 10/17/2024) |
| 01/03/2025 | 29 | ORDER. Because Defendants have not yet filed a notice of appearance, the initial pretrial conference scheduled for January 9, 2025, at 12:00 p.m., is hereby ADJOURNED to March 19, 2025, at 11:00 a.m. The parties shall file a joint letter and proposed case |

| | | |
|---|---|---|
| | | management plan no later than March 9, 2025. (HEREBY ORDERED by Judge Jennifer L. Rochon) (Text Only Order) (jaj) (Pretrial Conference set for 3/19/2025 at 11:00 AM in Courtroom 20B, 500 Pearl Str**A-008**York, NY 10007 before Judge Jennifer L. Rochon.) (Entered: 01/03/2025) |
| 01/10/2025 | 30 | NOTICE OF APPEARANCE by Donald S. Zakarin on behalf of Bad Boy Records LLC.. (Zakarin, Donald) (Entered: 01/10/2025) |
| 01/10/2025 | 31 | NOTICE OF APPEARANCE by William Laurence Charron on behalf of Bad Boy Records LLC..(Charron, William) (Entered: 01/10/2025) |
| 01/10/2025 | 32 | NOTICE OF APPEARANCE by Nicholas George Saady on behalf of Bad Boy Records LLC..(Saady, Nicholas) (Entered: 01/10/2025) |
| 01/10/2025 | 33 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate AI Entertainment Holdings LLC, Other Affiliate Bad Boy Records, Other Affiliate BB Investments, LLC, Other Affiliate Atlantic Recording Corporation, Other Affiliate Warner Music Group Corp. for Bad Boy Records LLC. Document filed by Bad Boy Records LLC..(Saady, Nicholas) (Entered: 01/10/2025) |
| 01/13/2025 | 34 | ORDER. Now that counsel for Defendants have appeared, *see* Dkts. 30-32, Plaintiff shall file a renewed motion to proceed anonymously no later than February 12, 2025, in order to provide Defendants with an opportunity to respond to the motion. If Plaintiff fails to timely file this motion, the Court shall order the disclosure of his identity. (Motions due by 2/12/2025). (HEREBY ORDERED by Judge Jennifer L. Rochon) (Text Only Order) (aba) (Entered: 01/13/2025) |
| 01/13/2025 | 35 | SECOND MOTION Motion for Leave to Appear Anonymously . Document filed by John Doe..(Curis, Antigone) (Entered: 01/13/2025) |
| 01/13/2025 | 36 | DECLARATION of Anthony G. Buzbee in Support re: 35 SECOND MOTION Motion for Leave to Appear Anonymously .. Document filed by John Doe..(Curis, Antigone) (Entered: 01/13/2025) |
| 01/13/2025 | 37 | FIRST MEMORANDUM OF LAW in Support re: 35 SECOND MOTION Motion for Leave to Appear Anonymously . . Document filed by John Doe..(Curis, Antigone) (Entered: 01/13/2025) |
| 01/13/2025 | 38 | PROPOSED ORDER. Document filed by John Doe. Related Document Number: [35-37].. (Curis, Antigone) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 01/13/2025) |
| 01/14/2025 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 38 Proposed Order was reviewed and approved as to form. (tp)** (Entered: 01/14/2025) |
| 01/14/2025 | 39 | JOINT LETTER MOTION for Extension of Time to File Answer re: 35 SECOND MOTION Motion for Leave to Appear Anonymously ., 1 Complaint, addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated 1/14/2025. Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 01/14/2025) |
| 01/14/2025 | 40 | ORDER granting 39 Letter Motion for Extension of Time to Answer re 1 Complaint. The requested extensions are GRANTED. Defendants shall either answer or otherwise respond to the Complaint by February 11, 2025; and shall have until February 11, 2025 to file an opposition to the Second Motion for Leave to Appear Anonymously. Bad Boy Productions Holdings, Inc. answer due 2/11/2025; Bad Boy Productions LLC answer due 2/11/2025; Bad Boy Records LLC answer due 2/11/2025; CE OPCO, LLC answer due 2/11/2025; |

**[A-009]**

| | | |
|---|---|---|
| | | Sean Combs answer due 2/11/2025; Daddy's House Recordings Inc. answer due 2/11/2025. (Signed by Judge Jennifer L. Rochon on 1/14/2025) (rro) (Entered: 01/15/2025) |
| 01/14/2025 | | Set/Reset Deadlines: Responses due by 2/11/2025 (rro) (Entered: 01/15/2025) |
| 01/22/2025 | 41 | NOTICE OF APPEARANCE by Mark Elliot Cuccaro on behalf of Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 01/22/2025) |
| 01/23/2025 | 42 | NOTICE OF APPEARANCE by Erica Ashley Wolff on behalf of Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Wolff, Erica) (Entered: 01/23/2025) |
| 01/23/2025 | 43 | NOTICE OF APPEARANCE by Michael Tremonte on behalf of Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Tremonte, Michael) (Entered: 01/23/2025) |
| 02/07/2025 | 44 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, with prejudice and without costs against the defendant(s) Bad Boy Records LLC. Document filed by John Doe. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)**...(Curis, Antigone) (Entered: 02/07/2025) |
| 02/10/2025 | | **\*\*\*NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 44 Notice of Voluntary Dismissal was reviewed and referred to Judge Jennifer H. Rearden for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (km)** (Entered: 02/10/2025) |
| 02/10/2025 | 45 | NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(i) OF THE FEDERAL RULES OF CIVIL PROCEDURE Pursuant to Rule 41(a)(l)(A)(i) of the Federal Rules of Civil Procedure, the Plaintiff John Doe, by and through his undersigned counsel, hereby gives notice that the above-captioned Action is voluntarily dismissed, with prejudice, against Defendant Bad Boy Records LLC ("BBRLLC"). The same is acknowledged and agreed by BBRLLC, by and through its undersigned counsel. SO ORDERED. Bad Boy Records LLC terminated. (Signed by Judge Jennifer L. Rochon on 2/10/2025) (jca) (Entered: 02/10/2025) |
| 02/11/2025 | 46 | NOTICE OF APPEARANCE by Raphael Asher Friedman on behalf of Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Friedman, Raphael) (Entered: 02/11/2025) |
| 02/11/2025 | 47 | MOTION to Dismiss . Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/11/2025) |
| 02/11/2025 | 48 | DECLARATION of Mark Cuccaro in Support re: 47 MOTION to Dismiss .. Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Cuccaro, Mark) (Entered: 02/11/2025) |

| | | |
|---|---|---|
| 02/11/2025 | 49 | MEMORANDUM OF LAW in Support re: 47 MOTION to Dismiss . . Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/11/2025) |
| 02/11/2025 | 50 | MEMORANDUM OF LAW in Opposition re: 35 SECOND MOTION Motion for Leave to Appear Anonymously . . Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/11/2025) |
| 02/18/2025 | 51 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 52 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bad Boy Entertainment Holdings, Inc...(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 53 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Bad Boy Entertainment Holdings, Inc. for Bad Boy Entertainment LLC. Document filed by Bad Boy Entertainment LLC..(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 54 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bad Boy Productions Holdings, Inc...(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 55 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Bad Boy Productions Holdings, Inc. for Bad Boy Productions LLC. Document filed by Bad Boy Productions LLC..(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 56 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent 1169 Group Holdings LLC, Other Affiliate 1169 Corp. for CE OPCO, LLC. Document filed by CE OPCO, LLC..(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/18/2025 | 57 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Daddy's House Recordings Inc...(Cuccaro, Mark) (Entered: 02/18/2025) |
| 02/24/2025 | 58 | JOINT LETTER MOTION for Extension of Time to File Response/Reply as to 47 MOTION to Dismiss . addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated February 24, 2025. Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 02/24/2025) |
| 02/25/2025 | 59 | ORDER granting 58 Letter Motion for Extension of Time to File Response/Reply Request GRANTED. Plaintiff's opposition to the Motion to Dismiss shall be due no later than March 28, 2025, and the Combs Defendants' reply shall be due no later than April 30, 2025. SO ORDERED. Responses due by 3/28/2025 Replies due by 4/30/2025.. (Signed by Judge Jennifer L. Rochon on 2/25/2025) (jca) (Entered: 02/25/2025) |
| 03/07/2025 | 60 | JOINT LETTER MOTION to Adjourn Conference addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated March 7, 2025. Document filed by Bad Boy Entertainment LLC, Bad Boy Productions LLC, Sean Combs, Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc...(Cuccaro, Mark) (Entered: 03/07/2025) |
| 03/07/2025 | 61 | ORDER granting 60 Letter Motion to Adjourn Conference The parties' joint request is GRANTED. The March 9, 2025 deadline for the parties to submit a case-management plan and the March 19, 2025 initial pretrial conference are hereby adjourned sine die pending |

| | | |
|---|---|---|
| | | resolution of the Defendants' motion to dismiss. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 3/7/2025) (jca) (Entered: 03/07/2025) |

**[A-011]**

| 03/19/2025 | 62 | FIRST MOTION to Withdraw . Document filed by John Doe..(Curis, Antigone) (Entered: 03/19/2025) |
|---|---|---|
| 03/20/2025 | 63 | MEMO ENDORSEMENT granting 62 Motion to Withdraw. ENDORSEMENT The Motion is GRANTED. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 3/20/2025) (jca) (Entered: 03/20/2025) |
| 03/27/2025 | 64 | OPINION AND ORDER re: 35 SECOND MOTION Motion for Leave to Appear Anonymously . filed by John Doe. For the foregoing reasons, the Court DENIES Plaintiff's motion to proceed anonymously. Plaintiff shall file a complaint in his own name no later than April 10, 2025. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 35. SO ORDERED. (Amended Pleadings due by 4/10/2025.) (Signed by Judge Jennifer L. Rochon on 3/27/2025) (jca) (Entered: 03/27/2025) |
| 03/28/2025 | 65 | FIRST MEMORANDUM OF LAW in Opposition re: 47 MOTION to Dismiss . . Document filed by John Doe..(Curis, Antigone) (Entered: 03/28/2025) |
| 04/04/2025 | 66 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for David C. Fortney to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30883833. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by John Doe. (Attachments: # 1 Affidavit of David C. Fortney, # 2 Exhibit Certificate of Good Standing-TX, # 3 Exhibit Certificate of Good Standing-CA, # 4 Exhibit Certificate of Good Standing-TX, # 5 Proposed Order ).(Fortney, David) Modified on 4/4/2025 (rju). (Entered: 04/04/2025) |
| 04/04/2025 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 66 MOTION for David C. Fortney to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30883833. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of California;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (rju)** (Entered: 04/04/2025) |
| 04/09/2025 | 67 | MOTION for David C. Fortney to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by John Doe. (Attachments: # 1 Affidavit of David C. Fortney, # 2 Exhibit Certificate of Good Standing-TX, # 3 Exhibit Certificate of Good Standing-CA, # 4 Exhibit Certificate of Good Standing-TX, # 5 Supplement ).(Fortney, David) (Entered: 04/09/2025) |
| 04/10/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 67 MOTION for David C. Fortney to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 04/10/2025) |
| 04/11/2025 | 68 | ORDER. On March 27, 2025, the Court denied Plaintiff's second motion to proceed anonymously and directed Plaintiff to file a complaint in his own name no later than April 10, 2025. Dkt. 64 at 12. That deadline has passed, and Plaintiff has neither filed a complaint in his own name nor otherwise corresponded with the Court. As a courtesy, the Court will extend the deadline for Plaintiff to file a complaint in his own name to **April 18, 2025.** If Plaintiff does not file a complaint in his own name by that date, the case will be dismissed. (Amended Pleadings due by 4/18/2025.) (HEREBY ORDERED by Judge Jennifer L. Rochon) (Text Only Order) (aba) (Entered: 04/11/2025) |

| | | |
|---|---|---|
| 04/11/2025 | 69 | ORDER FOR ADMISSION PRO HAC VICE granting 67 MOTION for David C. Fortney to Appear Pro Hac Vice. The motion of David C. Fortney for admission to practice pro hac vice in the above-captioned action is granted. (Signed by Judge Jennifer L. Rochon on 4/11/2025) (jca) (Entered: 04/11/2025) |
| 04/17/2025 | 70 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** FIRST NOTICE OF INTERLOCUTORY APPEAL. Document filed by John Doe. Filing fee $ 605.00, receipt number ANYSDC-30949325. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit Decision & Order).(Curis, Antigone) Modified on 4/18/2025 (km). (Entered: 04/17/2025) |
| 04/18/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Antigone Curis to RE-FILE Document No. 70 Notice of Interlocutory Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type Notice of Interlocutory Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. When refiling bypass the payment screen since it was already paid. (km)** (Entered: 04/18/2025) |
| 04/20/2025 | 71 | FIRST NOTICE OF INTERLOCUTORY APPEAL from 64 Memorandum & Opinion,, Set Deadlines,. Document filed by John Doe. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit Decision & Order).(Curis, Antigone) Modified on 4/21/2025 (nd). (Entered: 04/20/2025) |
| 04/21/2025 | | Appeal Fee Paid electronically via Pay.gov for: 71 Notice of Interlocutory Appeal,. Filing fee $ 605.00. Pay.gov receipt number ANYSDC-30949325., paid on 4/17/2025..(nd) (Entered: 04/21/2025) |
| 04/21/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 71 Notice of Interlocutory Appeal,..(nd) (Entered: 04/21/2025) |
| 04/21/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 71 Notice of Interlocutory Appeal, filed by John Doe were transmitted to the U.S. Court of Appeals..(nd) (Entered: 04/21/2025) |
| 04/29/2025 | 72 | JOINT LETTER MOTION for Extension of Time addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated April 29, 2025. Document filed by Bad Boy Books Holdings, Inc., Bad Boy Entertainment Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions Holdings, Inc., Bad Boy Productions LLC, CE OPCO, LLC, Sean Combs, Daddy's House Recordings Inc.. (Attachments: # 1 Exhibit A: Doe v. Combs, 24-cv-08808 (JAV), Dkt. #50, # 2 Exhibit B: Doe v. Combs, 24-cv-07776 (NRB), Dkt. #69). (Cuccaro, Mark) (Entered: 04/29/2025) |
| 04/30/2025 | 73 | REPLY MEMORANDUM OF LAW in Support re: 47 MOTION to Dismiss . . Document filed by Bad Boy Books Holdings, Inc., Bad Boy Entertainment Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions Holdings, Inc., Bad Boy Productions LLC, CE OPCO, LLC, Sean Combs, Daddy's House Recordings Inc...(Cuccaro, Mark) (Entered: 04/30/2025) |
| 05/16/2025 | 74 | MEMORANDUM OPINION AND ORDER re: 72 JOINT LETTER MOTION for Extension of Time addressed to Judge Jennifer L. Rochon from Counsel for All Parties dated April 29, 2025. filed by Bad Boy Productions Holdings, Inc., CE OPCO, LLC, Bad Boy Entertainment LLC, Daddy's House Recordings Inc., Bad Boy Books Holdings, Inc., Bad Boy Productions LLC, Sean Combs, Bad Boy Entertainment Holdings, Inc. For these reasons, the Court GRANTS the parties' joint request to stay this case pending the resolution of the appeals in Parker and Black. The parties shall file a joint status letter with |

[A-012]

| | | |
|---|---|---|
| | | the Court no later than August 14, 2025, and every ninety (90) days thereafter. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 72 and mark this case as stayed. SO ORDERED. (Signed by Judge Jennifer L. Rochon on 5/16/2025) (jca) (Entered: 05/16/2025) [A0133] |
| 05/16/2025 | | Case Stayed (jca) (Entered: 05/16/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/06/2025 08:19:55 | | |
| **PACER Login:** | abuzbee1 | **Client Code:** | Combs |
| **Description:** | Docket Report | **Search Criteria:** | 1:24-cv-07778-JLR |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

## [A-014]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

               *Plaintiff,*                               No. _____

            v.

SEAN COMBS, DADDY'S                           **COMPLAINT AND**
HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a       **DEMAND FOR**
COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC,     **JURY TRIAL**
BAD BOY ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, AND
ORGANIZATIONAL DOES 1-10,

               *Defendants.*

--------------------------------------------------------X

      Plaintiff John Doe ("Plaintiff"), by and through his attorneys, The Buzbee Law

Firm, for his Complaint alleges as follows:

### INTRODUCTION

      1.      This case seeks compensatory and punitive damages for the sexual assault of a

minor. The assault, which was part of a practice that Defendant Sean Combs had of grooming or

attempting to groom minors, occurred at what was termed a "white party" at Combs' residence in

New York. The conduct described herein is shockingly typical of Defendant Sean Combs. Combs

was aided in his abhorrent conduct over the years by many individuals and entities. Sean Combs

for many years believed he was above the law. He is not.

      2.      For decades, Sean Combs (a/k/a "P. Diddy," a/k/a "Puff Daddy," a/k/a "Diddy,"

a/k/a "PD," and a/k/a "Love") (described herein as "Combs") abused, molested, raped, assaulted,

# [A-015]

threatened and coerced men, women, minors and others for sexual gratification, to assert dominance, and to conceal his abhorrent conduct. He accomplished these acts by and through a criminal enterprise built on his success as a rapper, record producer and record executive. Combs is one of the wealthiest musical artists in the world. Behind the façade of being a three-time Grammy Award winner, discovering and developing multiple famous musical artists, and ranking on Forbes' list of the highest-paid entertainers in the world, there existed something sinister—a dark underbelly of crime, sex trafficking, forced labor, kidnapping, bribery and prostitution. Combs is a menace to society, women and children. While his wealth has kept him above consequence for years, Combs now faces the awesome power of the American judicial system and ultimately a jury of his peers who will be asked to punish him for the deplorable conduct described herein.

*Combs' Businesses*

3.      Combs' business enterprise is central to the pervasive acts of sexual assault and abuse committed by him during the last decades. Combs operated his business, headquartered at various times in Manhattan and Los Angeles, under a variety of United States-based corporate entities, including Bad Boy Entertainment, Bad Boy Books Holdings, Inc., Bad Boy Records, LLC, Bad Boy Entertainment, LLC, Bad Boy Productions, LLC, Daddy's House Recording Studio, Inc., and CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises, LLC, Combs Enterprises and Combs Global (collectively, the "Combs Business"). Corporate entities in the Combs Business portfolio included record labels, a recording studio, an apparel line, an alcoholic spirits promoting business, a marketing agency, talent discovery, a television network and media company.

# [A-016]

4.     On the surface, each of these businesses served a legitimate purpose related to entertainment, music and other subjects. But in reality, Combs, by and through himself and his agents, employees and contractors, used these businesses to sexually assault, abuse, threaten and coerce hundreds of individuals through sexual *quid pro quo* schemes, as well as to take advantage of individuals with impunity thinking the victims would never seek recourse. Combs and his agents, employees and contractors, through these Combs Businesses, would tell victims, "this is what it takes to be famous," "what are you willing to do to become a star?," and "perform this sexual act or else" to coerce the victim into performing a non-consensual sexual act for the gratification of Combs and his cohorts.

5.     Members and associates of the Combs Business engaged in (and/or attempted to engage in), among other activities, sex trafficking, forced labor, interstate transportation for the purposes of prostitution, coercion and enticement to engage in prostitution, narcotics offenses, kidnapping, arson, bribery, and obstruction of justice.

6.     The Combs Business constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Combs.

### *Combs' Pervasive History of Sexual Assault and Violence*

7.     For years Combs and his businesses engaged in a persistent and pervasive pattern of abuse toward women, men, and minors. This abuse was, at times, verbal, emotional, physical and sexual. As part of his pattern of abuse, Combs manipulated both men and women to participate in highly-orchestrated performances of sexual activity with both commercial sex workers and unsuspecting partygoers. In some cases these were individuals who were contractors or vendors. In other cases, they were random individuals pulled from a hotel lobby, a show, or off the street. Combs ensured participation from these individuals by, among other things, obtaining and

[A-017]

distributing narcotics to them with or without their knowledge, controlling their careers, leveraging his financial support and threatening to cut off the same, and using intimidation, violence, and illicit drugs.

8.     Combs, while celebrated for his business acumen and influence in the entertainment world, has often been described in a more troubling light as powerful, manipulative, and problematic. His aggressive tactics, both in business and personal dealings, have drawn criticism, with many viewing him as someone who leverages his power to intimidate and control. This darker side of Combs' persona has been underscored by the numerous lawsuits and allegations that have surfaced over the years. Despite his undeniable success, his rise to the top is marred by a reputation for being ruthless and manipulative, using his influence in ways that have left a trail of legal and personal controversies including but not limited to the following:

   a.  Nightclub Shooting Incident (1999): Combs was embroiled in a high-profile case related to a nightclub shooting in New York, involving his then-girlfriend, Jennifer Lopez, and rapper Shyne. Combs was acquitted of all charges, though the case remains a significant legal event in his career.

   b.  Multiple Assault Allegations: Combs has faced several lawsuits related to alleged physical assaults, many of which have been settled out of court.

   c.  Business Disputes: Combs has been involved in various business-related legal conflicts, particularly surrounding his Sean John clothing line and other ventures. These disputes often involved contractual disagreements and trademark claims.

   d.  Claims by Cassie Ventura: Combs' former girlfriend, Casandra "Cassie" Ventura, filed a lawsuit accusing him of years of physical, emotional, and

4

## [A-018]

sexual abuse during their relationship. Cassie alleged repeated instances of assault, coerced sexual acts, and drug use, all contributing to an environment of fear and manipulation.

9.     Combs particularly fancied the use of the popular date-rape drug Rohypnol, or GHB, to commit heinous non-consensual acts of sexual violence and rape onto countless victims. Combs often would secretly use the drug in an alcoholic beverage served at his parties, typically champagne or "lemon drops." Partygoers were forced to consume the alcoholic beverage, containing GHB, either prior to entering or while at Combs' party. There are also allegations of Combs dousing victims in lotions or similar body oils, also laced with GBH, so that the drug would be absorbed through the victim's skin and make it easier to assault him or her.

10.    Combs' recurrent and pervasive physical abuse took place for multiple decades. His tendencies of violence and sexual assault were no doubt well known amongst his colleagues, employees, agents and businesses. On numerous occasions from at least on or about 1996 and continuing for years, Combs assaulted women and men by striking, punching, dragging, throwing objects at, and kicking them. Combs also assaulted children both physically and sexually.

11.    In 1996, Combs was found guilty of criminal mischief for threatening a photographer from the New York Post with a gun. In 1999, he was arrested and charged with second-degree assault and criminal mischief in connection with assaulting a record executive. Combs was arrested again the same year for his involvement in a shooting at a club in New York. Another instance of violence occurred at a Los Angeles hotel in or about March 2016, which was captured on video and later publicly reported, where Combs kicked, dragged and threw a vase at a woman as she was attempting to leave his hotel room. When hotel security staff intervened, Combs attempted to bribe the staff member to ensure silence.

## [A-019]

12.     In the past year, numerous civil complaints have been filed by plaintiffs who allege that they had been sexually abused by Combs between 1991 and 2009. In November 2023, three lawsuits were filed against Combs under the New York Adult Survivors Act. Cassie Ventura, an artist signed to Bad Boy, sued Combs in New York for rape and physical abuse. She alleged Combs facilitated these acts by and through supplying Ms. Ventura with copious amounts of drugs and urging her to take them, beginning in 2006.

13.     Joi Dickerson-Neal also sued Combs in New York, alleging Combs drugged her, sexually assaulted her and secretly recorded the assault in 1991.

14.     Liza Gardner, whom Combs met at an event hosted by a record label affiliated with Bad Boy, sued him for allegedly raping her and a friend in 1990 or 1991 when she was only 16.

15.     In December 2023, an anonymous Plaintiff sued Combs in New York for allegedly drugging and gang-raping her in 2003 when she was only seventeen years old. This victim alleged that employees and business associates of Combs, through their affiliation with Bad Boy enterprise, lured her to Combs' home where Combs then raped her.

16.     In February 2024, Rodney "Lil Rod" Jones, one of Combs' former producers, sued Combs for allegedly forcing him to engage in unwanted sex acts and sex trafficking, among other allegations. Mr. Jones alleged that Combs regularly drugged others, including minors, by giving them drugs laced with ecstasy (MDMA) and other date rape drugs. Mr. Jones alleged that Combs in fact drugged him as well in order to commit acts of sexual assault.

17.     In May 2024, former model Crystal McKinney and April Lampros sued Combs. Ms. McKinney alleged that Combs drugged and sexually assaulted her at his recording studio in 2003. Mimicking what has now become a known pattern, Combs promised Ms. McKinney to help her with her modeling career in exchange for engaging in sexual conduct with him. Ms. Lampros,

## [A-020]

an intern at Arista Records, which was an owner of Bad Boy, also sued Combs in May 2024 in New York County Supreme Court for raping her on multiple occasions, secretly filming these acts, and showing the recordings to multiple people. Ms. Lampros also alleges that Combs ordered her to take drugs on one occasion before he raped her.

18.    In July 2024, former adult film star Adria English – who was employed by Combs as an entertainer at his infamous White Parties that brought together the biggest names in the music and entertainment industries – sued Combs in the Southern District of New York for sex trafficking, alleging that he required her to consume drinks laced with ecstasy and secretly recorded the sexual acts.

19.    In September 2024, singer and songwriter Dawn Angelique Richard also sued Combs. Richard was employed by Combs as part of the girl group Danity Kane, formed by Combs, and later as a key member of Combs' band Diddy – Dirty Money. She sued Combs in New York for sexual assault, false imprisonment, and for subjecting her to hostile working conditions due to her gender, including degrading comments and threats. Ms. Richard has alleged that Combs regularly supplied others including minors with copious amounts of drugs and alcohol, and subjected them to sexual acts while they were sedated and/or unconscious due to the drugs and alcohol.

20.    In September 2024, a federal grand jury in Manhattan indicted Combs and charged him with sex trafficking, racketeering and the "creation of a criminal enterprise in which he abused, threatened and coerced women and others around him to fulfill his sexual desires, protect his reputation and conceal his conduct." *See United States of America v. Sean Combs, a/k/a "Puff Daddy," a/k/a "P. Diddy," a/k/a "Diddy," a/k/a "PD," a/k/a "Love,"* Index No. 24 Crim. 542, Indictment (SDNY), at ¶ 1.  The indictment explains that Combs' abuse of women and minors was

[A-021]

enabled by "the employees, resources and influence of the multi-faceted business empire that he led and controlled – creating a criminal enterprise whose members and associates engaged in, and attempted to engage in, among other crimes, sex-trafficking, forced labor, kidnapping, arson, bribery and obstruction of justice."

21.     Combs' long history of violence unequivocally establishes that his actions are motivated by gender – both men and women. Combs has a profound contempt for women and a desire to dominate both minors and other men. His conduct shows a longstanding practice of denigrating, defeating and attempting to humiliate men, women and children. His practices and desires are different for men, women and children. But his actions are unequivocally motivated by the victims' particular gender and age.

22.     Plaintiff's allegations herein substantially mirror Combs' prior conduct as established through criminal indictments and other lawsuits. Through this case, Plaintiff seeks a full measure of justice from a man who thought his power, money and influence rendered him untouchable. Plaintiff joins many other victims by filing this Complaint in hopes their common voice makes it impossible for Combs to assault another person ever again.

## PARTIES

23.     Plaintiff John Doe is a male who resides in North Carolina.

24.     Defendant Sean Combs is a male who, on information and belief, resides in New York City, and who is otherwise currently incarcerated in the Metropolitan Detention Center in Brooklyn. On information and belief, at all relevant times Combs owned and/or controlled Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Records LLC, Bad Boy Entertainment LLC, Bad Boy Productions LLC, (collectively "Bad Boy"), Daddy's House Recording Studio, Inc., and CE OPCO, LLC d/b/a

**[A-022]**

Combs Global, f/k/a Combs Enterprises LLC (all together, the "Combs Corporations"). The facts of Combs' ownership and titles at the Combs Corporations enabled him to commit the unlawful sexual violence against Plaintiff described herein and/or to harass and subsequently intimidate him into silence after the rape.

25.    Defendant Daddy's House Recordings, Inc. ("Daddy's House") is a domestic business corporation that is incorporated in New York and on information and belief now has its principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, New York 10019. At the time of the events alleged herein, Daddy's House was a world-class recording studio owned by Combs located at 321 W 44th Street, Suite 201, New York, New York 10036. On information and belief, at all relevant times, Bad Boy and Combs together owned and operated Daddy's House. On information and belief, the Bad Boy recording studio was located on the premises of Daddy's House. Combs used the Daddy's House brand, stature and their ownership and titles at Daddy's House to commit the unlawful sexual violence against Plaintiff described herein.

26.    Defendant CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises LLC ("Combs Global") is a limited liability company incorporated in Delaware that has its principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069. On information and belief, all members of Combs Global are citizens of Delaware, New York, and/or California. On information and belief, Combs Global is an alter ego for Combs and/or a successor in interest to Combs' other corporations and/or was established or used by Combs for the purpose of moving, disposing of, and/or insulating his assets, including in connection with his criminal activities and to avoid liability. Combs Global currently owns, controls, and/or oversees Bad Boy

## [A-023]

and Combs' other business ventures in the music, fashion, fragrance, beverage, marketing, film, television, and media industries.

27.     As part of his renowned Bad Boy record label and brand, Combs has established several corporate entities under the "Bad Boy" name over the past few decades, including but not limited to Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Records LLC, Bad Boy Entertainment LLC, and Bad Boy Productions LLC (together, "Bad Boy"). On information and belief, all Bad Boy corporate entities are alter egos for Combs, are controlled and/or directed by Combs, and/or were established or used by Combs for the purpose of moving, disposing of, and/or insulating his assets, including in connection with his criminal activities and to avoid liability. On information and belief, all active Bad Boy entities are now owned and/or controlled by Combs and/or by Combs Global. Combs used the Bad Boy premises/recording studio and their ownership and titles at Bad Boy to commit the unlawful sexual violence against Plaintiff described herein and/or to harass and subsequently intimidate him into silence after the assault.

   a.   Defendant Bad Boy Entertainment Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief now has its principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069. Bad Boy Entertainment Holdings, Inc. is part of the Bad Boy enterprise founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, New York 10019.

## [A-024]

b.  Defendant Bad Boy Productions Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief now has its principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069. Bad Boy Productions Holdings, Inc. is part of the Bad Boy enterprise founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, New York 10019.

c.  Defendant Bad Boy Books Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief now has its principal place of business at 1440 Broadway, 3rd Floor, New York, New York 10018. Bad Boy Books Holdings, Inc. is part of the Bad Boy enterprise founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. The CEO listed on public filings is Eddie Norward Jr., with a listed address of 1710 Broadway, New York, New York 10019, the same address listed for Sean Combs in public filings for Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., and Daddy's House Recordings, Inc.

d.  Defendant Bad Boy Records LLC is a Delaware limited liability company that on information and belief is headquartered in New York and/or California. On information and belief, all members of Bad Boy Records LLC are citizens of Delaware, New York, and/or California. On information and belief, Bad Boy Records LLC is part of the Bad Boy enterprise and/or a successor-in-interest to

## [A-025]

other Bad Boy Defendants that comprise the Bad Boy enterprise founded and owned by Combs. On information and belief, Bad Boy Records LLC is now owned and/or controlled by Combs and/or by Combs Global.

e.  Defendant Bad Boy Entertainment LLC is a New York limited liability company that on information and belief is headquartered in New York and/or California. On information and belief, all members of Bad Boy Entertainment LLC are citizens of New York and/or California. Bad Boy Entertainment LLC is part of the Bad Boy enterprise and/or a successor-in-interest to other Bad Boy Defendants that comprise the Bad Boy enterprise founded and owned by Combs. On information and belief, Bad Boy Entertainment LLC is now owned and/or controlled by Bad Boy Entertainment Holdings, Inc. and/or by Combs, and/or by Combs Global.

f.  Defendant Bad Boy Productions LLC is a New York limited liability company that on information and belief is headquartered in New York and/or California. On information and belief, all members of Bad Boy Productions LLC are citizens of New York and/or California. Bad Boy Productions LLC is part of the Bad Boy enterprise and/or a successor-in-interest to other Bad Boy Defendants that comprise the Bad Boy enterprise founded and owned by Combs. On information and belief, Bad Boy Productions LLC is now owned and/or controlled by Combs and/or by Combs Global.

28.  Defendants Organizational Does 1-10 are currently unknown entities who were owned by and/or employed Defendant Combs and enabled the commission of the conduct

## [A-026]

complained of herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these entities by name.

29.    Each of the Combs Corporations (a) aided and abetted Combs in committing the unlawful sexual violence against Plaintiff described herein, (b) are alter egos for Combs, completely dominated by him and used for his personal interests and to engage in wrongdoing which harmed Plaintiff and others, and/or (c) serve or have served as vehicles for Combs to move, dispose of, and/or insulate his assets, including in connection with his criminal activities and to avoid compensating the victims of his many crimes, including Plaintiff.

### JURISDICTION AND VENUE

30.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because this case is between citizens of different states, and the amount in controversy exceeds $75,000.

31.    This Court has specific personal jurisdiction over Defendants because the acts giving rise to Plaintiff's claims took place in New York State, and because several of the Defendants are domiciled in New York State and/or regularly transact business in New York State.

32.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### JURY DEMAND

33.    Plaintiff hereby demands a trial by jury on his claims in this action.

### FACTUAL ALLEGATIONS

34.    Mr. Combs' legendary white parties in the Hamptons were well known by many, including John Doe. The kind where countless celebrities would attend. In 1998—when John Doe was only 16 years old—he was recruited out of New York City, and indeed while residing in New York City received an invitation to one of Combs' parties through a mutual connection. When he

[A-027]

received the invitation, he felt like he finally had the opportunity to rub shoulders with the who's who of the industry. He thought it could be his chance to break into the music industry. Others from New York City received such invitation to go to the Hamptons for the party; indeed, many of those at the party were in fact New Yorkers.

35.     The party took place at Combs' mansion in the Hamptons. As John Doe entered, he spotted countless celebrities and A-listers who form the music and entertainment industry. He recognized faces he had seen on TV and on the big screen.

36.     As John Doe made his way through the crowd toward the restroom, he unexpectedly bumped into Combs. Shocked, John Doe found himself face to face with Combs, a titan in the music industry, standing right in front of him at his own party. Doe took a picture with Combs at the 1998 party:



## [A-028]

37.     Combs took an interest in John Doe and wanted to talk to him. They walked to a more private area near the portable restrooms brought in for the party. There, John Doe told Combs he was a big fan of Combs and shared his dreams of becoming a star. Combs smiled, telling him he had potential and "the look." When John Doe admitted his voice was not great, Combs assured him that did not matter. Combs made clear that the only thing that mattered was having the right look for the industry, and with it, Combs could transform Doe—or anybody—into a star.

38.     Despite the pleasant conversation, which occurred, things took an unexpected turn for the worst. Combs abruptly told John Doe that he needed to drop his pants. John Doe, caught completely off guard, confusingly asked Combs to repeat himself. Combs made himself clear. He instructed John Doe to drop his pants and expose his penis so that Combs could inspect it, explaining it was a rite of passage and the route to becoming a star, and also as a way to prove himself. "Don't you want to break into the business?"

39.     Doe immediately felt uncomfortable, froze and did not know what to do. Combs remained calm and stood in front of him and stretched out his hand in a cupped position. Out of fear, anxiety and the imbalanced power dynamic between himself and Combs, John Doe then dropped his pants and exposed his penis as Combs previously instructed.

40.     Combs moved closer and grabbed John Doe's penis and genitals with his hand. He firmly cupped and held onto John Doe's genitals for an extended period of time. During this time, Combs moved his hand in such a fashion to manipulate John Doe's genitals, squeezing and feeling them. Doe was only sixteen.

41.     Combs abruptly then let go of John Doe's genitals and told him that his people would be in touch. Combs continued with his party as if nothing had happened, but for John Doe, everything had changed. John Doe eventually recognized Combs sexually assaulted him by and

**[A-029]**

through his power and influence over John Doe because he knew John Doe wanted to become a star.

42.     As a result of Combs' sexual assault onto John Doe while he was a minor, John Doe experienced damages including pain and suffering, mental anguish, physical impairment and emotional torment. The interaction continues to humiliate and cause shame on John Doe.

43.     Because of Combs' power and notoriety, Plaintiff was afraid to report what had happened. John Doe became yet another sexual assault victim of Combs' through the same pattern and abuse of influence Combs' exercised over others previously.

## FIRST CAUSE OF ACTION
### (Violation of New York City Victims of Gender-Motivated Violence Protection Act)
### (All Defendants)

44.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

45.     By forcing sexual contact onto Plaintiff as a young male minor, Defendant Combs committed a "crime of violence motivated by gender" under the Victims of Gender-Motivated Violence Protection Act ("VGMVPA") as defined in New York City Administrative Code § 10-1103.

46.     The requirement that the crime of violence be committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender is satisfied because Defendant Combs forced Plaintiff to engage in a sexual interaction without consent. John Doe could not effectively consent because of his age. The non-consensual sexual touching of a minor herein presented a serious risk of physical injury, and in fact caused such injury. Gender

## [A-030]

animus inheres when consent is absent. Moreover, Combs' long history of violence and sexual abuse against men evinces a deep contempt and desire for domination over men.

47.     The Combs Business enabled Combs to commit the crime of violence motivated by gender because Combs sexually assaulted Plaintiff at a party related to or referencing Combs Business. On information and belief, Combs Businesses routinely committed sexual assault and gender-motivated violence, as detailed in other civil lawsuits, to further the business purpose of Combs' enterprise. Given Combs' long-standing pattern and practice of committing sexual violence against minors who were boys, the Combs Business had and/or should have had knowledge of Combs using such parties and venues for this unlawful conduct, and did nothing to stop it.

48.     The Combs Business enabled Combs to commit the crime of violence motivated by gender by failing to, among other things, protect Plaintiff from a known danger and/or have sufficient policies and procedures in place to prevent sexual assault and/or train their employees on identifying and preventing sexual assault. Given long-standing pattern and practice of committing sexual violence against minors who were boys, including on premises owned and/or operated by Defendants, the Combs Corporations had and/or should have had knowledge that Combs was a danger to Plaintiff, and did nothing to stop Combs.

49.     The Combs Business enabled Combs to commit the crime of violence motivated by gender by failing to properly supervise. The Combs Business had knowledge and/or should have had knowledge of Combs' widespread and well-known practice of committing sexual assault and gender-motivated violence, including on premises owned and/or operated by Defendants, and did nothing to stop it.

## [A-031]

50.     The Combs Corporations further enabled Combs to commit the crime of violence motivated by gender by actively placing, maintaining, and/or employing Combs in positions of power and authority, despite the fact that they knew and/or should have known that Combs had a widespread and well-known practice of committing sexual assault and gender-motivated violence, including on premises owned and/or operated by Defendants. Combs used his titles and authority conferred by the Combs Business, including as CEO, Founder, and Chairman to facilitate and perpetuate the violent assault on Plaintiff, and to intimidate and force Plaintiff to keep quiet in subsequent years.

51.     On information and belief, Plaintiff alleges that Defendants Organizational Does 1 through 10, inclusive, are other parties not yet identified who have enabled Combs to commit the crime of violence motivated by gender, in the ways articulated above and/or in other ways.

52.     As a result of Defendants' actions, Plaintiff suffered damages in an amount to be determined at trial and pursuant to the fee-shifting provision of the statute.

53.     This legal action has been commenced within the statutory timeframe provided by the two-year look-back window for VGMVPA claims. *See* New York City Administrative Code § 10-1105.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

a.   Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

b.   Awarding punitive damages in an amount to be determined at trial;

**[A-032]**

c.   Awarding attorneys' fees and costs pursuant to any applicable statute or law;

d.   Awarding pre- and post-judgment interest on all such damages, fees, and/or costs;

e.   Attaching any and all of Defendants' real property and other assets located in the State of New York pursuant to Federal Rule of Civil Procedure 64; and

f.   Awarding such other and further relief as this Court may deem just and proper.

Dated:  OCTOBER 14, 2024

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
Texas Bar No. 24053318
cleavitt@txattorneys.com
Ryan S. Pigg
Texas Bar No. 24088227
rpigg@txattorneys.com
David C. Fortney
Texas Bar No. 24068740
dfortney@txattorneys.com
Thomas Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com
Crystal Del Toro
Texas Bar No. 24090070
cdeltoro@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiff John Doe*

-   AND  -

## [A-033]

**AVA LAW GROUP**
Andrew Van Arsdale
CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

-   AND  -

**CURIS LAW, PLLC**
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

# [A-034]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

John Doe,

                    *Plaintiff*,                                    No. 1:24-cv-07778

          v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,          **NOTICE OF MOTION**
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC,
and ORGANIZATIONAL DOES 1-10.

                    *Defendants*.

-------------------------------------------------------X


          **PLEASE TAKE NOTICE** that on a date and time to be set by the Court, Plaintiff John

Doe ("Plaintiff"), by and through his attorneys, The Buzbee Law Firm, shall move for entry of an

Order granting Plaintiff's Motion to Proceed Anonymously.

          **PLEASE TAKE FURTHER NOTICE** that the moving party shall rely upon the

accompanying Motion and Incorporated Memorandum of Law in support thereof.

Dated: OCTOBER 16, 2024                     Respectfully submitted,

                                        **THE BUZBEE LAW FIRM**

                                        By: */s/ Anthony G. Buzbee*
                                        Anthony G. Buzbee
                                        Texas Bar No. 24001820
                                        tbuzbee@txattorneys.com
                                        Christopher J. Leavitt

**[A-035]**

Texas Bar No. 24053318
cleavitt@txattorneys.com
Ryan S. Pigg
Texas Bar No. 24088227
rpigg@txattorneys.com
David C. Fortney
Texas Bar No. 24068740
dfortney@txattorneys.com
Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com
Crystal Del Toro
Texas Bar No. 24090070
cdeltoro@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiff John Doe*

-   AND  -

**AVA LAW GROUP**
Andrew Van Arsdale
CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

-   AND  -

**CURIS LAW, PLLC**
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

**[A-036]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

                *Plaintiff*,                        No. 1:24-cv-07778

        v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC
 and ORGANIZATIONAL DOES 1-10.

                *Defendants*.

--------------------------------------------------------X

**DECLARATION OF ANTHONY G. BUZBEE IN SUPPORT**

**OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

I, Anthony G. Buzbee, hereby declare as follows:

    1.      I am the owner of The Buzbee Law Firm and counsel for John Doe.

    2.      I make this Declaration in support of Plaintiff's motion to proceed anonymously.

    3.      If required by this Court, I will disclose Plaintiff's name to counsel for Defendants.

However, I would request a hearing prior to any such order in light of the threats of violence made

Defendants in similar circumstances.

    4.      Plaintiff is by no means the only victim of Mr. Combs to fear violence in retribution

for coming forward. My firm currently represents over 200 clients with claims against Mr. Combs.

Strikingly, an overwhelming number of these clients – likely in excess of eighty percent – have

**[A-037]**

stated to me or attorneys at my firm, during their intake process, that Mr. Combs made threats of

violence against them (or against the client's family members) if the client disclosed to anyone the

facts of the sexual assaults or other acts of Mr. Combs' of which they were a victim.

5.     For many of the clients referenced above, Mr. Combs' threats of violence were a

*primary reason* why they did not speak out or file lawsuits earlier.  Most of our clients still fear

retribution and have conditioned moving forward on anonymity.

6.     With regard to this action, Plaintiff John Doe has not spoken publicly about the

incidents that underlie the causes of action in his Complaint.

Dated: OCTOBER 16, 2024

                                                    */s/ Anthony G. Buzbee*
                                                    Anthony G. Buzbee

**[A-038]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                    Plaintiff,

          -against-

SEAN COMBS, et al,

                    Defendants.

Case No. 1:24-cv-07778 (JLR)

**<u>ORDER</u>**

---

JENNIFER L. ROCHON, United States District Judge:

    For substantially the reasons set forth in Plaintiff's application for leave to proceed anonymously, Dkts. 24-26, the Court finds that there is good cause shown for Plaintiff to proceed anonymously at this time.  Accordingly, Plaintiff's request for leave to proceed anonymously is GRANTED.  However, after Defendant appears, the Court may revisit this order, including to consider whether to order Plaintiff to provide his identity to counsel for Defendant, as contemplated in the Declaration of Anthony G. Buzbee, Dkt. 25 at ¶ 3.

    The Clerk of Court is ORDERED to close the motion pending at Dkt. 24.

Dated: October 17, 2024
    New York, New York

                                        SO ORDERED.

                                        _Jennifer Rochon_
                                        _____
                                        JENNIFER L. ROCHON
                                        United States District Judge

**[A-039]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

          *Plaintiff*,                              No. 1:24-cv-07778

         v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,     **NOTICE OF MOTION**
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC,
and ORGANIZATIONAL DOES 1-10.

          *Defendants*.

--------------------------------------------------------X

    **PLEASE TAKE NOTICE** that on a date and time to be set by the Court, Plaintiff John

Doe ("Plaintiff"), by and through his attorneys, The Buzbee Law Firm, shall move for entry of an

Order granting Plaintiff's Motion to Proceed Anonymously.

    **PLEASE TAKE FURTHER NOTICE** that the moving party shall rely upon the

accompanying Motion and Incorporated Memorandum of Law in support thereof.

Dated: January 13, 2025          Respectfully submitted,

                                   **THE BUZBEE LAW FIRM**

                                   By: */s/ Anthony G. Buzbee*
                                   Anthony G. Buzbee
                                   Texas Bar No. 24001820
                                   tbuzbee@txattorneys.com
                                   Christopher J. Leavitt

## [A-040]

Texas Bar No. 24053318
cleavitt@txattorneys.com
Ryan S. Pigg
Texas Bar No. 24088227
rpigg@txattorneys.com
David C. Fortney
Texas Bar No. 24068740
dfortney@txattorneys.com
Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com
Crystal Del Toro
Texas Bar No. 24090070
cdeltoro@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiff John Doe*

-   AND  -

**AVA LAW GROUP**
Andrew Van Arsdale
CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

-   AND  -

**CURIS LAW, PLLC**
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

**[A-041]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

               *Plaintiff*,                     No. 1:24-cv-07778

         v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC
and ORGANIZATIONAL DOES 1-10.

               *Defendants*.

--------------------------------------------------------X

**DECLARATION OF ANTHONY G. BUZBEE IN SUPPORT**

**OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

I, Anthony G. Buzbee, hereby declare as follows:

    1.      I am the owner of The Buzbee Law Firm and counsel for John Doe.

    2.      I make this Declaration in support of Plaintiff's motion to proceed anonymously.

    3.      If required by this Court, I will disclose Plaintiff's name to counsel for Defendants.

However, I would request a hearing prior to any such order in light of the threats of violence made

against Plaintiff here by Defendants.

    4.      Plaintiff is by no means the only victim of Mr. Combs to fear violence in retribution

for coming forward.  My firm currently represents over 200 clients with claims against Mr. Combs.

Strikingly, an overwhelming number of these clients – likely in excess of eighty percent – have

## [A-042]

stated to me or attorneys at my firm, during their intake process, that Mr. Combs made threats of violence against them (or against the client's family members) if the client disclosed to anyone the facts of the sexual assaults or other acts of Mr. Combs' of which they were a victim.

5.      For many of the clients referenced above, Mr. Combs' threats of violence were a *primary reason* why they did not speak out or file lawsuits earlier.  Most of our clients still fear retribution and have conditioned moving forward on anonymity.

6.      With regard to this action, Plaintiff John Doe has not spoken publicly about the incidents that underlie the causes of action in his Complaint.

Dated: January 13, 2025

> */s/ Anthony G. Buzbee*
> Anthony G. Buzbee

**[A-043]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

               Plaintiff,

      -against-

SEAN COMBS, DADDY'S HOUSE RECORDINGS
INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC., BAD BOY
PRODUCTIONS HOLDINGS, INC., BAD BOY
BOOKS HOLDINGS, INC., BAD BOY
ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, and ORGANIZATIONAL
DOES 1-10,

               Defendants.

Case No. 1:24-cv-07778 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On October 14, 2024, Plaintiff John Doe, proceeding anonymously, initiated this

action, asserting one cause of action against all Defendants for violation of the New York City

Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1102 *et*

*seq. See generally* Dkt. 1 ("Complaint" or "Compl."). Plaintiff alleges that Defendant Sean

Combs ("Combs"), a well-known rapper, record producer, and record executive, sexually

assaulted Plaintiff at one of Combs's "white parties" in 1998, when Plaintiff was sixteen years

old. *Id.* ¶¶ 2, 34, 38-41.

Upon filing his Complaint, Plaintiff did not seek leave to proceed anonymously, and

on October 16, 2024, the Court instructed Plaintiff to "submit an appropriate application . . .

explaining why he should be permitted to proceed under a pseudonym." Dkt. 22. Plaintiff

moved to proceed anonymously later that day. Dkt. 24. On October 17, 2024, the Court

granted Plaintiff's motion with the caveat that it may revisit the order after Defendants entered

an appearance, in order to give them an opportunity to respond. Dkt. 28.

## [A-044]

Now before the Court is Plaintiff's second motion to proceed anonymously, Dkt. 35; *see* Dkt. 36 ("Buzbee Declaration" or "Decl."); Dkt. 37 ("Br."), which Plaintiff filed on January 13, 2025, at the Court's direction, *see* Dkt. 34. Defendants filed their memorandum of law in opposition to Plaintiff's motion on February 11, 2025. *See* Dkt. 50 ("Opp."). For the reasons set forth below, Plaintiff's motion is DENIED.

### LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 10(a), "[t]he title of [a] complaint must name all the parties." *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (alterations in original) (quoting Fed. R. Civ. P. 10(a)). "This Rule 'serves the vital purpose of facilitating public scrutiny of judicial proceedings'" and "cannot be set aside lightly." *Doe v. Combs*, No. 24-cv-08054 (MKV), 2024 WL 4635309, at *1 (S.D.N.Y. Oct. 30, 2024) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008)). "Although there is a presumption that the parties will disclose their names, a district court has discretion to grant an exception to this requirement in certain limited circumstances." *Doe v. Combs*, No. 24-cv-08810 (LAK), 2025 WL 268515, at *1 (S.D.N.Y. Jan. 22, 2025) (citing *Sealed Plaintiff*, 537 F.3d at 189). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Doe v. Combs*, No. 24-cv-07777 (LJL), 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025) (alteration in original) (quoting *Pilcher*, 950 F.3d at 45).

The Second Circuit set forth the operative balancing test in *Sealed Plaintiff*, identifying ten nonexhaustive factors for courts to weigh upon consideration of a motion to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more

**[A-045]**

critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 190 (alterations and omission in original) (citations and internal quotation marks omitted). "Courts are 'not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) (quoting *Sealed Plaintiff*, 537 F.3d at 191 n.4).

## DISCUSSION

On balance, the Court finds that the *Sealed Plaintiff* factors weigh against allowing Plaintiff to proceed anonymously. The Court addresses these factors in more detail below.

**I.   This Litigation Involves Matters of a Highly Sensitive and Personal Nature (Factor One) and Plaintiff Has Thus Far Kept His Identity Confidential (Factor Seven).**

The first and seventh *Sealed Plaintiff* factors weigh in Plaintiff's favor. Starting with the first factor, neither party disputes that this litigation involves highly sensitive matters of a personal nature. *See* Br. at 4-5;[1] Opp. at 7-8. "Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a

---

[1] As Plaintiff has not numbered the pages of his brief, the Court refers to the page numbers as set forth on ECF.

**[A-046]**

pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (alteration in

original) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)) (collecting

cases). "Likewise, allegations of sexual abuse of minors" — which are involved in the instant

case — "typically weigh significantly in favor of a plaintiff's interest." *Id.* (citing *Kolko*, 242

F.R.D. at 195; *Doe ex rel. Doe No. 1 v. Nygard*, No. 20-cv-06501 (ER), 2020 WL 4890427, at

*3 (S.D.N.Y. Aug. 20, 2020)). "[M]any courts have held that 'alleged victims of rape and

sexual assault have a strong interest in proceeding anonymously,'" and "[t]hat interest is even

stronger in cases where, as here, the Plaintiff 'was a minor at the time of the alleged attack.'"

*Doe v. Kimmel*, No. 24-cv-03201 (JMF), 2024 WL 3184209, at *1 (S.D.N.Y. June 26, 2024)

(first quoting *Doe v. Kogut*, No. 15-cv-07726 (JMF) (S.D.N.Y. Oct. 20, 2015), ECF No. 8;

and then quoting *Doe v. Baram*, No. 20-cv-09522 (ER), 2021 WL 3423595, at *3 (S.D.N.Y.

Aug. 5, 2021)); *accord Combs*, 2024 WL 863705, at *3; *Nygard*, 2020 WL 4890427, at *3.

    With regard to the seventh factor — whether Plaintiff's identity has been kept

confidential — there is no indication based on the current record that Plaintiff has spoken

publicly about his allegations.[2]  *See Combs*, 2025 WL 268515, at *2 ("Because there is no

---

[2] The Buzbee Declaration supporting Plaintiff's motion states that Plaintiff "has not spoken
publicly about the incidents that underlie the causes of action in his Complaint," Decl. ¶ 6, but
as Defendants acknowledge, the Declaration is neither sworn nor made under the penalty of
perjury. *See Combs*, 2025 WL 722790, at *2 ("[T]he [Buzbee] declaration is not sworn or
made under penalty of perjury under the laws of the United States and is thus inadmissible.");
*see also In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) ("We
hold that 28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly
made under penalty of perjury."). The Court also notes that the Declaration is substantively
identical to declarations filed on the same day in other *Doe v. Combs* cases in this District
involving different plaintiffs and facts, which raises serious questions about the Declaration's
reliability. *See, e.g.*, No. 24-cv-07973 (RA) (S.D.N.Y. Jan. 13, 2025), ECF No. 35;
No. 24-cv-07977 (VSB) (S.D.N.Y. Jan. 13, 2025), ECF No. 30; No. 24-cv-08024 (VEC)
(S.D.N.Y. Jan. 13, 2025), ECF No. 26; No. 24-cv-09852 (JLR) (S.D.N.Y. Jan. 13, 2025), ECF
No. 16. In any case, the seventh factor still weighs in Plaintiff's favor absent any evidence
that Plaintiff's identity has not been kept confidential.

[A-047]

evidence before the Court that the plaintiff has spoken publicly about the incident, the seventh

factor likewise favors anonymity." (footnote omitted)).  Defendants argue that "Plaintiff's

representatives have sought to reap the rewards of attracting public attention to this case,"

Opp. at 12, but this is not relevant to the Court's analysis.  The seventh factor asks only

"whether the plaintiff's identity thus far has been kept confidential," and Defendants have

offered no evidence to the contrary.  *Rapp*, 537 F. Supp. 3d at 528 (citing *Sealed Plaintiff*, 537

F.3d at 190).  Defendants further contend that Plaintiff may have spoken privately to others

about his allegations without receiving assurances of confidentiality, Opp. at 12-13, but this is

pure speculation and would not necessarily tip the scales in Defendants' favor even if it were

true.  *See Doe v. Salina*, No. 23-cv-03529 (JMW), 2024 WL 1259362, at *6 (E.D.N.Y. Mar.

25, 2024) (finding that seventh factor favored plaintiff despite fact that "some of the

underlying events occurred" in public fora); *Doe v. Zeumer*, No. 23-cv-10226 (AT), 2024 WL

1586032, at *2 (S.D.N.Y. Mar. 6, 2024) (finding that seventh factor favored plaintiff where

her identity "ha[d] been kept confidential, with the exception of 'her therapist and those close

to her'").

     However, while both of these factors support Plaintiff's motion to proceed

anonymously, neither of them is dispositive.  *Combs*, 2024 WL 863705, at *3 (citing *Doe v.

Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020); *Rapp*, 537 F. Supp. 3d at 528).

Accordingly, "the other factors must be taken into consideration and analyzed in comparison

to the public's interest and the interests of the opposing parties."  *Doe v. Skyline Autos. Inc.*,

375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019).

## [A-048]

**II.    Plaintiff's Allegations Regarding the Risk of Harm Are Speculative and Insufficiently Particularized (Factors Two, Three, and Four)**

The second, third, and fourth "*Sealed Plaintiff* factors task the Court with assessing the potential risks associated with identifying the anonymous party, including the potential for retaliatory physical or mental harm, and the severity of such harms." *Does 1-2 v. Hochul*, No. 21-cv-05067, 2022 WL 836990, at *5 (E.D.N.Y. Mar. 18, 2022).  On balance, these factors weigh against allowing Plaintiff to proceed anonymously.

With regard to the second and third factors — which "evaluate the risks that identification would present and the likelihood of those physical and mental harms," *Doe v. Townes*, No. 19-cv-08034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) — Plaintiff asserts that Combs made "threats of violence after the" alleged assault.  Br. at 7; *see* Decl. ¶ 3.  However, Plaintiff provides no support for this allegation beyond the vague and unsworn Buzbee Declaration, *see generally supra* note 1, and offers no further elaboration or specificity as to the nature, frequency, or content of this purported harassment and intimidation.  Generally, "to justify the exceptional relief of proceeding anonymously, [a] plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity," *Doe v. Freydin*, No. 21-cv-08371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (collecting cases), but Plaintiff has not done so here. Likewise, with regard to the risk of mental harm, Plaintiff contends that "play[ing] out" his traumatic experiences "in a public forum could spark more trauma," Br. at 6, but he provides no "medical documentation" or other "evidence of the severity or likelihood of . . . mental harm" that would result from the disclosure of his identity, *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406; *see also Doe 1 v. Branca USA, Inc.*, No. 22-cv-03806 (LJL), 2022 WL 2713543, at *4 (S.D.N.Y. July 13, 2022) (finding that the second and third *Sealed Plaintiff* factors

**[A-049]**

weighed against plaintiffs' motion to proceed anonymously where plaintiffs provided only

"conclusory statements and speculation" regarding alleged harms and no "direct evidence

linking disclosure of [their] name[s] to a specific physical or mental injury" (alterations in

original) (first quoting *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406; and then quoting *Doe v.

Gong Xi Fa Cai, Inc.*, No. 19-cv-02678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10,

2019))); *accord Combs*, 2024 WL 4635309, at *3.

Plaintiff relies heavily on Combs's pending criminal charges to establish that "Combs,

and the people within his organizations, are dangerous." Br. at 2; *see, e.g.*, Superseding

Indictment ¶¶ 11-12, *United States v. Combs*, No. 24-cr-00542 (AS) (S.D.N.Y. Jan. 30, 2025),

ECF No. 144 (accusing Combs and his associates of intimidating and threatening victims to

maintain their silence). To be sure, "[c]ourts have found a real risk of harm when, for

example, 'there is a history of substantiated prior action directed *at plaintiff(s)* from

*defendant(s)*,'" *Doe v. Intel Corp.*, No. 24-cv-06117 (JPO), 2024 WL 4553985, at *3

(S.D.N.Y. Oct. 22, 2024) (quoting *Townes*, 2020 WL 2395159, at *4), but Plaintiff does not

allege that he was the target of any of the conduct in the indictment, and "there is no evidence

that Combs has been in contact with Plaintiff or made any threats in the last three decades,"

*Combs*, 2025 WL 722790, at *2. "Without further, specific evidence," Plaintiff's "claims are

too speculative to support anonymity in this case," *Intel Corp.*, 2024 WL 4553985, at *5, and

the second and third factors do not weigh in favor of nondisclosure, *see id.* at *3 ("[C]ourts

have rejected claims of harm where they are insufficiently 'particularized,' provided 'without

corroboration,' or 'generalized' and 'conclusory.'" (quoting *Combs*, 2024 WL 863705, at

*4)); *Combs*, 2024 WL 863705, at *4 ("[Plaintiff's] conclusory assertions fall short of

demonstrating the particularized harm she would suffer as a result of disclosure. As such,

Plaintiff fails to demonstrate that these factors weigh in her favor.").

7

**[A-050]**

Moving to the fourth *Sealed Plaintiff* factor — which asks "whether the plaintiff is particularly vulnerable to the possible harms of disclosure," *Sealed Plaintiff*, 537 F.3d at 190 — "[t]he plaintiff's age is a critical" consideration, *Combs*, 2024 WL 863705, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 530). But "[t]he fact that a plaintiff was a minor at the time of the alleged harm, alone, is insufficient to meet this factor," even if it may be relevant to the Court's analysis of other factors. *Combs*, 2024 WL 836705, at *4 (citing *Doe v. City Univ. of N.Y.*, No. 21-cv-09544 (NRB), 2021 WL 5644642, at *4 (S.D.N.Y. Dec. 1, 2021)). "Here, although Plaintiff was a minor when the assault allegedly occurred, [he] is now an adult," and he "fails to identify any other, relevant vulnerabilities." *Id.*; *cf. Doe v. Combs*, No. 24-cv-07975 (AT), 2024 WL 5220449, at *1 (S.D.N.Y. Dec. 26, 2024) (finding that the plaintiff demonstrated vulnerability to disclosure because "she continues to experience depression, post-traumatic stress disorder, and a seizure disorder associated with the stress of her sexual assault").

### III.  The Public-Interest Factors Cut Both Ways (Factors Five, Eight, and Nine)

The fifth, eighth, and ninth *Sealed Plaintiff* factors "relate to the public's interest in knowing Plaintiff's identity." *Combs*, 2024 WL 863705, at *4. Turning first to the fifth factor — which "looks to whether the suit challenges the actions of the government or that of private parties," *Rapp*, 537 F. Supp. 3d at 532 — "[c]ourts recognize that open judicial proceedings in private civil suits 'not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms,'" *Combs*, 2025 WL 268515, at *5 (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)). "Here, Plaintiffs challenge the actions of private parties; thus, there is a significant interest in open judicial proceedings weighing against the use of pseudonym." *Doe v. Leonelli*, No. 22-cv-03732 (CM), 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022).

## [A-051]

Next, "[t]he eighth factor weighs whether the public's interest in the litigation is furthered by revelation of the plaintiff's identity." *Combs*, 2024 WL 863705, at *5 (quoting *Leonelli*, 2022 WL 2003635, at *4). This factor weighs in both directions. As courts have routinely observed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Combs*, 2024 WL 4635309, at *6 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). "There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." *Combs*, 2024 WL 863705, at *5 (citing *Branca USA, Inc.*, 2022 WL 2713543, at *2). The public interest in knowing the identity of the parties is "magnified" where a plaintiff "has made his allegations against a public figure." *Combs*, 2025 WL 268515, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 532). But courts have also noted that "the public generally has a strong interest in protecting the identities of sexual assault victims," especially children, "so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195; *see also Kimmel*, 2024 WL 3184209, at *1 ("[W]hile the public has a generalized interest in knowing who is seeking relief in its courts, the public has a stronger — and more particularized — interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes." (citation omitted)).

Lastly, "the ninth factor suggests that if the issues presented are 'purely legal in nature,' generally 'there is an atypically weak public interest in knowing the'" identities of the parties. *Skyline Autos. Inc.*, 375 F. Supp. 3d at 408 (quoting *Sealed Plaintiff*, 537 F.3d at 190). "Where the litigation involves, not abstract challenges to public policies, but rather . . . particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication."

**[A-052]**

*Id.* (omission in original) (quoting *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-cv-06152 (VM) (KNF), 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012)).  Here, "[t]he ninth factor tilts marginally against Plaintiff because the issues in this case are likely not of a purely or predominantly legal nature."  *Doe v. Combs*, No. 24-cv-08852 (JPC), 2024 WL 4867087, at *2 (S.D.N.Y. Nov. 22, 2024); *see also Combs*, 2025 WL 268515, at *5 ("Plaintiff's claims are factual in nature, which weighs against anonymity.").

## IV.   There Are Alternative Mechanisms for Protecting Plaintiff's Confidentiality (Factor Ten)

As Defendants correctly observe, "there are other mechanisms to protect any confidential information that may be disclosed during discovery or as part of the case."  Opp. at 14.  For example, "Defendants are willing to enter into a stipulated confidentiality protective order . . . [to] protect any legitimate privacy interest Plaintiff or any other party may have in documents or information exchanged in this case, such as private financial information or medical records."  *Id.* at 14-15; *see also Combs*, 2025 WL 268515, at *5 ("The plaintiff 'can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order.'" (quoting *Weinstein*, 484 F. Supp. 3d at 98)); *accord Combs*, 2024 WL 5220449, at *3.  "While this promise will not fully alleviate Plaintiff's concerns, it does provide some protection over disclosure of sensitive information exchanged during discovery."  *Combs*, 2024 WL 863705, at *5.  Accordingly, this factor weighs somewhat in favor of disclosure.

## V.   Blanket Anonymity Would Significantly Prejudice Defendants (Factor Six)

With regard to the sixth *Sealed Plaintiff* factor, the Court is acutely aware of the "the imbalance [that] arises where [a] [d]efendant must 'defend himself publicly while plaintiff could make [his] accusations from behind a cloak of anonymity.'"  *Doe v. Gooding*, No. 20-

**[A-053]**

cv-06569 (PAC), 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022) (quoting *Shakur*, 164 F.R.D. at 361). "In such a situation, when one party is anonymous while others are not, there is an 'asymmetry in fact-gathering.' This asymmetry is more profound in cases involving substantial publicity, because 'information about only one side may come to light as a result,'" *Combs*, 2024 WL 863705, at *3 (quoting *Leonelli*, 2022 WL 2003635, at *5), "[p]articularly in a high profile case in which unknown witnesses may surface," *Combs*, 2025 WL 268515, at *4 (citing *Rapp*, 537 F. Supp. 3d at 531). Moreover, "[i]n cases where plaintiffs allege sexual assault, courts have found a reputational damage risk to a defendant." *Townes*, 2020 WL 2395159, at *5 (citing *Skyline Autos. Inc.*, 375 F. Supp. 3d at 407; *Shakur*, 164 F.R.D. at 361). *But see Kolko*, 242 F.R.D. at 198 ("Given the negative publicity already sustained by defendants, 'any additional prejudice to the defendant[s'] reputation or ability to operate merely by pursuit of this action under a pseudonym appears minimal.'" (alteration in original) (citation omitted) (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003))). "Confidentially disclosing the plaintiff's name to the defendants' counsel, as plaintiff's counsel suggests, would not eliminate the potential prejudice." *Combs*, 2025 WL 268515, at *4; *accord Combs*, 2024 WL 4635309, at *5 ("The potential prejudice to Defendants is particularly stark here because Plaintiff is bringing a lawsuit about an incident that allegedly occurred approximately twenty years ago, which may be difficult to defend even with information about Plaintiff's identity."); *see* Decl. ¶ 3 (offering to "disclose Plaintiff's name to counsel for Defendants" if required to do so by the Court). Accordingly, the Court finds that the sixth factor weighs strongly in favor of disclosure.

## VI. The Balance of Factors Weighs in Favor of Disclosure

On one hand, this case involves highly sensitive and personal allegations, Plaintiff has thus far kept his identity confidential, and the public has a particularized interest in

[A-054]

encouraging the victims of childhood sexual assault to confront their accusers, who are often powerful figures. On the other hand, Plaintiff brings factually grounded claims on a topic of significant public interest against a well-known figure, and the public also has a strong interest in maintaining the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189 (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). And, significantly, Plaintiff has not provided any particularized evidence or even nonspeculative allegations to establish that the disclosure of his identity would result in concrete physical or mental harm to himself or third parties. Such evidence plays a vital role in the balancing of competing interests in these cases, and its absence is particularly salient here given the risk of severe prejudice to Defendants from continued anonymity, hampering their ability to confront their accuser, guard against reputational harm, and defend an action based on events from nearly three decades ago. In sum, Plaintiff has not provided the Court with enough information to tip the scales in his favor. *See Combs*, 2025 WL 722790, at *4 (denying motion to proceed anonymously); *Combs*, 2025 WL 268515, at *5 (same); *Combs*, 2024 WL 4635309, at *7 (same).

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to proceed anonymously. Plaintiff shall file a complaint in his own name no later than April 10, 2025. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 35.

Dated: March 27, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge

12

# [A-055]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

                *Plaintiff*,                        No. 1:24-cv-07778-JLR

        v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY                 **NOTICE OF APPEAL**
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC.,
BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

                *Defendants*.

--------------------------------------------------------X

      NOTICE IS HEREBY GIVEN that John Doe, the plaintiff in the above-named case, hereby appeals

to the United States Court of Appeals for the Second Circuit from the Opinion and Order (Dkt. 64) entered

on March 27, 2025, denying plaintiff the right to proceed in this case anonymously.  A copy of the Order

is attached hereto as Exhibit A.

Dated: April 17, 2025                Respectfully submitted,

                                       **CURIS LAW, PLLC**
                                       /s/ *Antigone Curis*
                                       Antigone Curis
                                       antigone@curislaw.com
                                       52 Duane Street, 7th Floor
                                       New York, New York 10007
                                       Phone: (646) 335-7220
                                       Facsimile: (315) 660-2610
                                       *Attorneys for Plaintiff John Doe*

1

**[A-056]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          -against-

SEAN COMBS,

                   Defendant.

24-CR-542 (AS)

ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

Defendant Sean Combs renews his request for bail pending his sentencing. On this application, Combs doesn't contest that detention is mandatory for his crimes of conviction. He relies solely on the limited exception to mandatory detention where (1) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. §§ 3143(a)(1), 3145(c); and there are (2) "exceptional reasons why such person's detention would not be appropriate." *Id*. § 3145(c). "'Exceptional reasons' exist . . . where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *United States v. Colon*, 821 Fed. App'x 39, 41 (2d Cir. 2020) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). "This statutory framework creates 'a presumption in favor of detention' that places a 'plainly substantial' burden of proof on the defendant seeking release." *Lloyd v. United States*, 857 Fed. App'x 702, 703 (2d Cir. 2021) (quoting *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004)).

As for risk of flight or danger, Combs fails to meet his burden by clear and convincing evidence for the reasons set forth on the record at the July 2, 2025, hearing. Increasing the amount of the bond or devising additional conditions doesn't change the calculus given the circumstances and heavy burden of proof that Combs bears. *See, e.g.,* Dkt. 470 at 8142–43 ("At trial, the defense conceded the defendant's violence in his personal relationships. . . . This type of violence, which happens behind closed doors . . . is impossible to police with conditions."). On this basis alone, Combs's application is denied.

Even if the flight-or-danger requirement was satisfied, there are no "exceptional reasons" warranting a departure from what Congress has required. Combs's Mann Act arguments might have traction in a case that didn't involve evidence of violence, coercion, or subjugation in connection with the acts of prostitution at issue, but the record here contains evidence of all three. While Combs may contend at sentencing that this evidence should be discounted and that what happened was nothing more than a case of willing "swingers" utilizing the voluntary services of escorts for their mutual pleasure, the Government takes the opposite view: that Cassie Ventura and Jane were beaten, coerced, threatened, lied to, and victimized by Combs as part of their participation in these

**[A-057]**

events. That makes this case unlike any of the cases Combs points to and places it outside the narrow exception to detention that Congress otherwise deemed mandatory. To be clear, as indicated at the July 2 hearing, the Court offers no view as to how the parties' competing arguments about the evidence will cash out for purposes of sentencing, which is happening in just sixty days. At this juncture, however, the record doesn't establish the kind of "out of the ordinary" exceptional circumstances requiring immediate release.

Combs also points to squalor and danger at the Metropolitan Detention Center, conditions that he says have been aggravated by the federal government's aggressive budget cuts this year. The public outcry concerning these conditions has come from all corners. But as Combs acknowledges, MDC staff has been able to keep him safe and attend to his needs, even during an incident of threatened violence from an inmate. In *United States v. Chavez*, 710 F. Supp. 3d 227 (S.D.N.Y. 2024), the court found that the conditions at the MDC rose to the level of "exceptional reasons" warranting release where it was undisputed that the defendant posed no risk of flight or danger, and where "unique circumstances" counseled release, including the defendant's advanced "age and serious medical conditions, which require care that the MDC may not be able to provide." *Id.* at 236–38. Those facts are not presented here, and nothing in *Chavez* suggests that exceptional reasons warrant release for every person awaiting sentencing in the MDC. Rather, the MDC is a factor—admittedly a serious one—to consider, along with others, in making that determination.

For these reasons, as well as those stated on the record at the July 2 hearing, Combs fails to satisfy his burden to demonstrate an entitlement to release. The motion for bail is DENIED.

The Clerk of Court is directed to terminate Dkt. 483.

SO ORDERED.

Dated: August 4, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge